# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00487-CR

**Stephen Douglas James, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 11,046, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

### O P I N I O N

On July 16, 2007, Stephen Douglas James pleaded guilty to two counts of aggravated sexual assault of a child under the age of fourteen. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2007). The trial court accepted James's pleas, and the issue of punishment was submitted to the jury. The jury sentenced him to life imprisonment on each count. In two issues on appeal, James argues that (1) the trial court's failure to admonish him in accordance with article 26.13(a)(5) of the code of criminal procedure was harmful error and (2) his trial was fundamentally unfair because of the trial court's improper and prejudicial comments regarding a witness. We overrule James's issues and affirm the judgment.

### DISCUSSION

Because James does not challenge the sufficiency of the evidence supporting his conviction, we will recite the facts only as they are relevant to the issues he raises.

*Admonishment*

In his first issue, James argues that it was error for the trial court to fail to admonish him on the record that, as a condition of any future parole, release to mandatory supervision, or community supervision, he would be required to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(5) (West Supp. 2007). The court's failure to properly admonish him, James contends, rendered his guilty plea involuntary, and accordingly, his plea must be set aside and the cause remanded for new trial.[1] The State concedes that the trial court failed to admonish James in this regard, but correctly argues that article 26.13(h) expressly provides that the failure of the court to admonish a defendant of the registration requirement "is not a ground for the defendant to set aside the conviction, sentence, or plea." *Id.* art. 26.13(h). The Legislature added this provision to article 26.13 in 2005, making it applicable to "a plea of guilty or a plea of nolo contendere that is entered on or after [September 1, 2005,] the effective date of this Act." Tex. Code Crim. Proc. Ann. art. 26.13(h) historical note (West Supp. 2007) [Act of June 18, 2005, 79th Leg., R.S., ch. 1008, § 1.03, 2005 Tex. Gen. Laws 3419, 3419].

It is undisputed in this case that James's plea was entered in July of 2007, nearly two years after the effective date of the amendment. Therefore, his complaint about the voluntariness of his plea is governed by the amended statute, current article 26.13(h).[2]

---

[1] Although James did not timely object to the trial court's failure to properly admonish him, the court of criminal appeals has held that an appellant is entitled to assert this challenge for the first time on appeal, "despite not having made the claim in the trial court." *Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007).

[2] The authorities James cites in his brief all pre-date the 2005 amendment to article 26.13(h), and his argument does not address either the fact of the statute's amendment or the amendment's bearing on this case.

Prior to the 2005 amendment to article 26.13, Texas courts analyzed a trial court's failure to properly admonish a defendant of the registration requirement under the harm analysis of Texas Rule of Appellate Procedure 44.2(b), which provides that any non-constitutional error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. *See* Tex. R. App. P. 44.2(b); *see also Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007). "In applying Rule 44.2(b) to the failure to give an admonition, the court considers the record as a whole to determine whether, in this particular case, the error affected substantial rights." *Bessey*, 239 S.W.3d at 813 (citing *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006)). In conducting its determination, the reviewing court will consider the strength of the evidence of guilt, whether the record indicates that the appellant was aware of the requirement, and whether the omitted admonition actually applied to the appellant's situation. *Anderson*, 182 S.W.3d at 919-21.

In *Bessey*, a case decided under the pre-amendment version of article 26.13(h), the court of criminal appeals acknowledged that the legislature had recently amended the law governing the sex-offender registration requirement. *See* 239 S.W.3d at 814 n.6. The court further stated, "We do not address the proper harm analysis under the current 26.13(h) for a failure to admonish regarding sex-offender registration." *Id.* There has been no subsequent pronouncement by the court of criminal appeals as to what the proper harm analysis would require under article 26.13(h) as amended—or if any such analysis is necessary or appropriate under the new law. Only one other court of appeals has addressed this argument under the amended version of article 26.13(h). *See Standifer v. State*, No. 05-06-00078-CR, 2006 Tex. App. LEXIS 9358, at *7 (Tex. App.—Dallas Oct. 30, 2006, no pet.) (mem. op., not designated for publication). The Dallas court held that

appellant's argument necessarily failed in light of the legislative amendment, concluding, "Because Standifer's sole complaint about his plea in the sexual assault case is the court's failure to admonish him concerning the sex offender registration requirement, we resolve Standifer's third issue against him." We agree with our sister court that the legislature, by amending article 26.13(h), has foreclosed the relief James now requests on appeal, and we overrule his first issue.[3]

*Trial court's comments*

In his second issue, James argues that he was denied due process as a result of the trial court's "improper and prejudicial comments regarding a witness." The complained-of remarks were made during the defense's cross-examination of State's witness Mike Berry, a sergeant in the Galveston County Sheriff's Office. Counsel had been questioning Sergeant Berry regarding an inconsistency in Berry's testimony about whether he had authored two investigative reports describing James's demeanor following the victim's outcry and James's subsequent confession to police:

---

[3] Assuming arguendo that the court's failure to admonish James of the registration requirement remains subject to harmless-error analysis, under the *Anderson* factors, James's substantial rights were unaffected. *See Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). The evidence of James's guilt included his written and videotaped confessions detailing his three-year sexual relationship with his adopted daughter, the child-victim in this case, as well as the victim's extensive testimony during the punishment phase of the trial. James offered no objection to the admission of his two confessions, nor did he contest any of the allegations made by the victim. Moreover, while the requirement to register as a sex offender upon parole would actually apply to James, the fact that he received two life sentences for offenses that would preclude his parole eligibility until he had served at least thirty years (some time after James's 80th birthday), diminishes the likelihood that the failure to admonish in this case would result in actual harm.

4

Q.     Let me show you another report if I might. This is indicating original investigator Deputy Martinez. May I ask you if you're able to tell by looking at it who generated that report?

A.     My mistake. This is my supplement. Here's my name.

Q.     Exactly. So let's get back to—since I came up here with this document—

A.     Okay.

Q.     —and you realized your innocent mistake, let's get to this document please. On that document does it say that Ken Jones said my client was jovial? Take your time.

[Prosecutor]:  Judge, I'm going to ask defense counsel to stop badgering the witness and I would agree to—

The Court:   He can probably take it. I bet he's taken a lot more than that.

James asserts that this remark by the trial court "was an improper comment about the credibility of a witness," and that it was prejudicial because the trial court "did not [take] any steps to cure its own misconduct and essentially placed its stamp of approval on the witness's testimony."

The State responds that the trial court's statement was merely a response to the State's objection to badgering Sergeant Berry on cross-examination and made no reference whatsoever to the witness's credibility. According to the State, the trial court's comment was only a reference to the witness's perceived mental or emotional capacity to endure pointed cross-examination, given his law-enforcement training and background.

James did not object to the trial court's comments. Ordinarily, the failure to object at trial results in forfeiting the complaint on appeal. *See* Tex. R. App. P. 33.1(a)(1)(A). The contemporaneous-objection requirement encompasses improper comments by the trial court

5

concerning matters of weight and credibility. *See Peavey v. State*, 248 S.W.3d 455, 470 (Tex. App.—Austin 2008, no pet. h.). However, a plurality of the court of criminal appeals has held that no trial objection is necessary where the trial judge's improper comments were fundamental, reversible error. *See Blue v. State*, 41 S.W.3d 129, 131-33 (Tex. Crim. App. 2000) (plurality op.). Fundamental error is present if the judge's comments imparted information to the jury that "tainted the presumption of innocence." *Id.* at 132. That is not the case here.

Taken in context, the trial court's remark merely addressed the State's objection to defense counsel's aggressive cross-examination of the State's witness. It did not follow any statement made by the witness, such that it might convey approval of the witness's testimony. If anything, the comment was made to explain the court's reason for not sustaining the State's objection and allowing the defense to continue questioning Sergeant Berry in this manner. Furthermore, any error resulting from this comment could have been cured by an instruction to disregard. The comment certainly did not constitute fundamental error or deprive James of due process.

Absent fundamental error, James needed to object during trial if he believed the judge's comment was improper. He did not; therefore, any error is waived. *See* Tex. R. App. P. 33.1(a). We overrule James's second issue.

## CONCLUSION

Because the trial court did not commit reversible error in failing to admonish James of the sex-offender registration requirement, and because any comments made by the trial court did

6

not constitute fundamental error, we resolve James's points of error against him and affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 2, 2008

Publish