*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## OPINION

No. 04-10-00405-CR

Roland **MORIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-9733
Honorable Olin B. Strauss, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  March 2, 2011

AFFIRMED

Appellant Roland Morin pled guilty to one count of aggravated sexual assault of a child and three counts of indecency with a child by sexual contact.  On appeal, Morin raises a single issue, contending the trial court erred when it failed to properly admonish him before accepting his guilty plea.  Morin claims this error renders his plea involuntary and entitles him to a new trial. We affirm the trial court's judgment.

## BACKGROUND

A detailed factual rendition is unnecessary to our disposition of this appeal. Accordingly, we will merely discuss those facts necessary for our decision.

In 2006, Morin sexually assaulted a ten-year-old boy. After the boy told his sister what happened, the police investigated. Morin was arrested and charged with four counts of indecency with a child by sexual contact and one count of aggravated sexual assault of a child. In 2009, the State abandoned one of the indecency counts, Morin pled not guilty to the remaining counts, and the case proceeded to trial before a jury. However, after the ten-year-old complainant's testimony, Morin changed his plea to guilty on all counts. Rejecting Morin's application for community supervision, the jury assessed punishment at fifty years confinement on the aggravated sexual assault of a child count, and ten years on each count of indecency with a child by sexual contact. The trial court ordered the sentences to run concurrently. After the trial court rendered its formal judgment, Morin perfected this appeal.

## ANALYSIS

Morin raises a single issue in which he argues it was error for the trial court to fail to admonish him on the record that, as a condition of any future parole, release to mandatory supervision, or community supervision, he would be required to register as a sex offender. *See* TEX. CODE CRIM. PROC. art. 26.13(a)(5) (West Supp. 2010). Morin contends this failure rendered his plea involuntary, and therefore his plea must be set aside and the cause remanded for a new trial.[1] The State concedes the trial court failed to admonish Morin as to the sex offender registration requirement, but argues this failure does not entitle Morin to set aside his plea and obtain a new trial. We agree with the State.

---

[1] Although Morin did not timely object to the trial court's failure to properly admonish him, the Texas Court of Criminal Appeals has held that an appellant is entitled to raise this issue for the first time on appeal. *See Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007).

Article 26.13(a)(5) of the Texas Code of Criminal Procedure provides that before accepting a guilty plea, a trial court must admonish the defendant of five things, one of which is that he will be required to register as a sex offender if he is convicted of or placed on deferred adjudication for an offense that requires registration. *Id.* However, in 2005, the Texas Legislature added subsection (h) to article 26.13, and that section provides that a trial court's failure to comply with the admonishment requirements "is not a ground for the defendant to set aside the conviction, sentence, or plea." *Id.* § 26.13(h). The Legislature made this provision applicable to "a plea of guilty or plea of nolo contendere that is entered on or after [September 1, 2005]." *See* Act of June 18, 2005, 79th Leg., R.S., ch. 1008, § 1.03, 2005 Tex. Gen. Laws 3419, 3419. The record establishes Morin's plea was entered after September 1, 2005, and therefore article 26.13(h) governs this case.

Before the 2005 amendment, Texas courts analyzed a trial court's failure to properly admonish a defendant about the sex offender registration requirement under the harm analysis of rule 44.2(b) of the Texas Rules of Appellate Procedure. *See, e.g., Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007); *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). That rule provides that any non-constitutional error that does not affect substantial rights is harmless. TEX. R. APP. P. 44.2(b). Thus, in applying rule 44.2(b) to admonishment errors concerning sex offender registration, the court would consider the record as a whole to determine whether the error affected the defendant's substantial rights. *See Bessey*, 239 S.W.3d at 813; *Anderson*, 182 S.W.3d at 918. More specifically, the court would consider the strength of the evidence of guilt, whether the record indicated the defendant was aware of the requirement, and whether the admonition actually applied to the defendant. *See Anderson*, 182 S.W.3d at 919-21.

When the Court of Criminal Appeals decided *Bessey*, which dealt with the issue of a trial court's failure to admonish regarding sex offender registration, the court acknowledged the Legislature's addition of article 26.13(h), but declined to address "the proper harm analysis" under the new section because the defendant in that case had entered his plea before September 1, 2005, and therefore the section was not applicable. And, since its implementation, we have found only three courts that have addressed the issue, and only one of those courts has published its decision. *See James v. State*, 258 S.W.3d 315, 318 (Tex. App.—Austin 2008, no pet.); *Wilson v. State*, No. 10-08-00130-CR, 2008 WL 4246686, at *1 (Tex. App.—Waco Dec. 17, 2008, no pet.); *Standifer v. State*, No. 05-06-00078-CR, 2006 WL 3057903, at *2 (Tex. App.—Dallas Oct. 30, 2006, no pet.). We have read these cases and each one holds that by amending article 26.13(h) as it did, the Legislature foreclosed any attempt by an appellant to set aside a plea, conviction, or sentence based on a trial court's failure to properly admonish in accordance with article 26.13(a)(5). *See id.* We agree with our sister courts and hold the relief sought by Morin, i.e., a new trial, is precluded by the unambiguous language of article 26.13(h).

## CONCLUSION

Because Morin is not entitled to a new trial under article 26.13(h), we overrule his issue and affirm the trial court's judgment.

Marialyn Barnard, Justice

Publish