COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 DERRIC CHARLES PHILLIPS,
  
                             Appellant,
  
 v.
  
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 Nos. 08-11-00165-CR
  
 Appeal from the
  
 89th
 District Court
  
 of Wichita
 County, Texas 
  
 (TC# 46,445-C) 
  
 
 


 

O
P I N I O N

            Derric Charles Phillips (“Phillips”) appeals
the trial court’s judgments convicting him of one count of sexual assault of a
child and one count of indecency with a child. 
He was sentenced to 16 years’ imprisonment and a $2,500 fine on the
sexual assault count and 10 years’ imprisonment and a $2,500 fine on the
indecency count.  The sentences were
ordered to be served consecutively.  We
affirm.

Factual and Procedural Background

            On the eve of his criminal trial, Phillips
entered guilty pleas to the sexual assault and indecency counts in open court
outside the presence of the jury.  Phillips
had previously elected the jury to determine his punishment.  Following voir dire, the trial court asked Phillips if he remained intent on
pleading guilty.  Phillips stated that he
did, and subsequently pled guilty in front of the jury before it considered the
evidence in the punishment phase of the trial. 
The jury subsequently recommended Phillips’ punishment and the trial court
sentenced him accordingly, choosing to cumulate Phillips’ sentences.  At no
point during the proceedings did the trial court admonish Phillips as required
by Article 26.13 of the Code of Criminal Procedure before accepting his guilty
pleas.

DISCUSSION

Phillips raises two issues on appeal.  In his first issue, he argues that the trial
court’s failure to admonish him of the punishment range that he faced on each
count and of the requirement that he would have to register as a sex offender
before accepting his guilty pleas rendered his pleas involuntary because he did
not have the requisite information to make an informed decision.  In his second issue, Phillips argues
that the trial court’s decision to cumulate his sentences without having to
satisfy an articulated burden of proof, as currently permitted by Article
42.08(a) of the Code of Criminal Procedure, violates his Sixth Amendment right
that the sentence imposed not be greater than that authorized by the jury’s
fact-finding.

Failure to Admonish

1.  Punishment Ranges

The State concedes that the trial court
failed to admonish Phillips of the punishment range that he faced for
each count before accepting his guilty pleas as was statutorily required.[1]  See
Tex.Code
Crim.Proc.Ann. art. 26.13(a)(1)(West
Supp. 2011).  Having reviewed the record,
we agree.  Nevertheless, the State argues
that because Phillips was well aware of the applicable punishment range,
he suffered no harm.[2]  If the record supports the inference that
Phillips was unaware of the range of punishment for each count he faced and his
ignorance materially affected his decision to plead guilty, Phillips was harmed
by the trial court’s failure to admonish. 
See Burnett v. State, 88
S.W.3d 633, 638-39, 641 (Tex.Crim.App. 2002). 
However, if the record supports the inference that Phillips was aware of
the range of punishment for each count he faced, Phillips was not harmed by the
trial court’s failure to admonish.  See id.

The record is
replete with evidence that supports the inference that Phillips was aware of
the range of punishment for each count he faced.  The voir
dire was held in open court and in Phillips’ presence.  One of the primary topics discussed during voir dire was the applicable range of
punishment and the prospective jurors’ capacity to assess punishment.  When the prosecutor was addressing the
prospective jurors, she explained to them the range of punishment for each
count:

The punishment range
in Texas for most offenses is very broad.  . . .  [A]nd
the punishment range also covers a lot of -- is -- is very broad so that all of
those things that fall within that particular offense can be punished
appropriately.

 

For a sexual assault,
the punishment range is from two to twenty years and up to a $10,000 fine.  And for indecency with a child, it’s two to
ten years and a $10,000 fine.  Both of
these may, in some case be eligible for probation if the person has not
previously been convicted of a felony.

 

Following this explanation, the
prosecutor then asked each prospective juror individually if he or she could
consider the full range of punishment.  In
an exchange with the prosecutor, one prospective juror specifically mentioned
the 20-year maximum sentence applicable to the sexual assault count when asking
the prosecutor about probation:

Venireman
Melton:  I have a question.  Are you saying that we can -- that we would
-- if they were convicted of sexual assault that we could give them probation all
of the way up to 20 years or –

 

The
Prosecutor:  That’s your range of
punishment.  Can you consider the full
range?

 

When Phillips’ counsel was
addressing the prospective jurors, he specifically stated that the punishment
range for aggravated sexual assault was inapplicable, and then, minutes later,
mentioned the punishment ranges that were applicable:

That’s aggravated sexual assault.  The range of punishment on that would be five
to life, so those don’t -- those cases are extreme cases and don’t fit really
our offenses here, okay?

 

.          .          .

 

All right.  Range of punishment . . . .  Both the State and the Defendant are entitled
to jurors who can consider the full possible range of punishment from the
minimum to the maximum.  In other words
from the minimum of two years on both offenses, the sexual assault or indecency
with a child, or the maximum of ten years on indecency with a child, the
exposure case, or 20 years in the sexual assault case, okay?

 

So you have to be able
to consider as little as two years and then a 10 and a 20 on the other -- on
the two offenses, okay?

 

Following voir dire, the trial court admonished Phillips twice that he had a
right to have the jury determine his guilt or innocence on both counts, but
Phillips remained steadfast that he wanted to plead guilty.

After the close of
evidence at punishment and before closing arguments, the trial court read its
charge to the jury.  In its charge, the
trial court detailed the applicable range of punishment for each count Phillips
faced.  Immediately after the charge was
read to the jury, the prosecutor mentioned the applicable punishment ranges
again, and minutes later, asked the jury to impose the maximum sentences
allowable:

I want to talk to you
briefly about the Charge that the Judge just read to you.  There on the first page, you have the range
of punishment that we discussed during voir dire.  For Count I it’s somewhere from two to twenty
years and that fine up to $10,000.  In
Count II, it’s anywhere from two to ten years and that fine up to $10,000.

 

.               .               .

 

I ask you to go back in that jury room
and get justice for Mark.  And I ask you
to go back in the jury room and give Derric 20 years on Count I and 10 years on
Count II . . . .

 

Despite the
repeated references to the punishment range applicable to each offense and the
opportunity to reconsider whether to plead guilty, Phillips did not object or
attempt to withdraw his pleas at any time during voir dire or before punishment. 
Likewise, although given the opportunity to object to the trial court’s
charge after voir dire and before
punishment, Phillips did not do so.  Furthermore,
Phillips never raised any issue regarding the trial court’s failure to admonish
him on the punishment ranges at sentencing or in the subsequently-filed motion
for new trial.  We conclude that the
trial court’s failure to admonish Phillips of the applicable punishment range that
he faced on each count was harmless error and did not render his pleas involuntary.

2.  Sex
Offender Registration

The State also concedes that the trial court
failed to admonish Phillips that he
would have to register as a sex offender before accepting his guilty pleas as
was statutorily required.  See Tex.Code Crim.Proc.Ann. art. 26.13(a)(5).  Having
reviewed the record, we agree.  Nevertheless,
as the State correctly points out, Article 26.13(h) of the Code of Criminal
Procedure specifically precludes us from setting aside Phillips’ convictions,
sentences, or pleas on this basis.[3]  See Tex.Code Crim.Proc.Ann. art. 26.13(h); Morin v. State, 340 S.W.3d 816, 817-18
(Tex.App.--San Antonio 2011, pet. ref’d)(applying Article 26.13(h) to dispose
of appellant’s argument that he was entitled to a new trial because the trial
court failed to admonish him of required sex offender registration).  Article 26.13(h) forecloses Phillips’
attempt to set aside the trial court’s judgments on the basis that he was not
admonished that he would have to register as a sex offender.

Phillips’ first issue is overruled.

Imposition
of Consecutive Sentences

Phillips cites Apprendi v. New Jersey, 530 U.S. 466, 120
S.Ct. 2348, 147 L.Ed.2d 435 (2000), as support for his argument that the trial
court’s decision to cumulate his sentences violated his Sixth Amendment right
that the sentence imposed not be greater than that authorized by the jury’s
fact-finding.  However, as Phillips
acknowledges in his brief, the Texas Court of Criminal Appeals rejected this
same argument in Barrow v. State,
concluding that Apprendi and its
progeny were inapplicable since they did not address a trial court’s authority
to cumulate sentences when that authority is provided by statute and is not
based upon discrete fact-finding, but is wholly discretionary.[4]  See
207 S.W.3d 377, 380 (Tex.Crim.App. 2006).  Phillips nonetheless posits that Barrow was wrongly decided and invites
us to revisit the issue.  We decline to
do so.

Accordingly,
Phillips’ second issue is overruled.

CONCLUSION

            Having
overruled both of Phillips’ issues, we affirm the judgment of the trial court.

 

 

May 16, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
Here, the range of punishment for sexual assault of a child count is
imprisonment for not more than 20 years or less than 2 years and assessment of
a fine of up to $10,000.  See Tex.Pen.Code Ann. §§ 22.011(f); 12.33 (West 2011). 
The range of punishment for the indecency with a child count is
imprisonment for not more than 10 years or less than 2 years and assessment of
a fine of up to $10,000.  See id. at §§ 21.11(d); 12.34 (West 2011).

 





[2]
Both Phillips and the State agree that the trial court’s failure to admonish
Phillips on the range of punishment is non-constitutional error subject to harm
analysis pursuant to Rule 44.2(b) of the Texas Rules of Appellate
Procedure.  See Tex.R.App.P.
44.2(b); Burnett v. State, 88 S.W.3d
633, 637 (Tex.Crim.App. 2002).





[3]
Even if Article 26.13(h) were
inapplicable, the record is replete with evidence that Phillips knew that he
would be required to register as a sex offender.  The most revealing is Phillips’ own
admissions at the punishment phase of the trial.  In response to his counsel’s question,
Phillips testified affirmatively that he understood the ramification that, by
pleading guilty, he was “going to be a registered sex offender for the rest of
[his] life . . . .”  Also, during closing
arguments, Phillips’ counsel reiterated that Phillips would be a registered sex
offender for the rest of his life irrespective of whether he received
probation.

 





[4]
Phillips also cites Oregon v. Ice,
555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), as additional support for
his argument.  However, Ice is inapposite.  The issue in Ice was not whether the trial court was required to engage in
fact-findings to justify imposing consecutive sentences, but whether it was
constitutionally permissible for the trial court, rather than the jury,
to engage in fact-findings to justify imposing consecutive sentences.  See id.
at 164,129 S.Ct. at 714-15.  This is not the issue here, and even if it
were, the Supreme Court held in Ice that
it was constitutionally
permissible for the trial court, rather than the jury, to engage in such
fact-finding.  See id.