COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DERRIC CHARLES PHILLIPS, | § | Nos. 08-11-00165-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 89th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Wichita County, Texas |
| | § | |
| Appellee. | | (TC# 46,445-C) |
| | § | |
| | § | |

## **O P I N I O N**

Derric Charles Phillips ("Phillips") appeals the trial court's judgments convicting him of one count of sexual assault of a child and one count of indecency with a child. He was sentenced to 16 years' imprisonment and a $2,500 fine on the sexual assault count and 10 years' imprisonment and a $2,500 fine on the indecency count. The sentences were ordered to be served consecutively. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

On the eve of his criminal trial, Phillips entered guilty pleas to the sexual assault and indecency counts in open court outside the presence of the jury. Phillips had previously elected the jury to determine his punishment. Following *voir dire*, the trial court asked Phillips if he remained intent on pleading guilty. Phillips stated that he did, and subsequently pled guilty in front of the jury before it considered the evidence in the punishment phase of the trial. The jury subsequently recommended Phillips' punishment and the trial court sentenced him accordingly, choosing to cumulate Phillips' sentences. At no point during the proceedings did the trial court

admonish Phillips as required by Article 26.13 of the Code of Criminal Procedure before accepting his guilty pleas.

## DISCUSSION

Phillips raises two issues on appeal. In his first issue, he argues that the trial court's failure to admonish him of the punishment range that he faced on each count and of the requirement that he would have to register as a sex offender before accepting his guilty pleas rendered his pleas involuntary because he did not have the requisite information to make an informed decision. In his second issue, Phillips argues that the trial court's decision to cumulate his sentences without having to satisfy an articulated burden of proof, as currently permitted by Article 42.08(a) of the Code of Criminal Procedure, violates his Sixth Amendment right that the sentence imposed not be greater than that authorized by the jury's fact-finding.

### *Failure to Admonish*

### *1. Punishment Ranges*

The State concedes that the trial court failed to admonish Phillips of the punishment range that he faced for each count before accepting his guilty pleas as was statutorily required.[1] *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(1)(West Supp. 2011). Having reviewed the record, we agree. Nevertheless, the State argues that because Phillips was well aware of the applicable punishment range, he suffered no harm.[2] If the record supports the inference that Phillips was unaware of the range of punishment for each count he faced and his ignorance

---

[1] Here, the range of punishment for sexual assault of a child count is imprisonment for not more than 20 years or less than 2 years and assessment of a fine of up to $10,000. *See* TEX.PEN.CODE ANN. §§ 22.011(f); 12.33 (West 2011). The range of punishment for the indecency with a child count is imprisonment for not more than 10 years or less than 2 years and assessment of a fine of up to $10,000. *See id.* at §§ 21.11(d); 12.34 (West 2011).

[2] Both Phillips and the State agree that the trial court's failure to admonish Phillips on the range of punishment is non-constitutional error subject to harm analysis pursuant to Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See* TEX.R.APP.P. 44.2(b); *Burnett v. State*, 88 S.W.3d 633, 637 (Tex.Crim.App. 2002).

2

materially affected his decision to plead guilty, Phillips was harmed by the trial court's failure to admonish. *See Burnett v. State*, 88 S.W.3d 633, 638-39, 641 (Tex.Crim.App. 2002). However, if the record supports the inference that Phillips was aware of the range of punishment for each count he faced, Phillips was not harmed by the trial court's failure to admonish. *See id*.

The record is replete with evidence that supports the inference that Phillips was aware of the range of punishment for each count he faced. The *voir dire* was held in open court and in Phillips' presence. One of the primary topics discussed during *voir dire* was the applicable range of punishment and the prospective jurors' capacity to assess punishment. When the prosecutor was addressing the prospective jurors, she explained to them the range of punishment for each count:

> The punishment range in Texas for most offenses is very broad. . . . [A]nd the punishment range also covers a lot of -- is -- is very broad so that all of those things that fall within that particular offense can be punished appropriately.
>
> For a sexual assault, the punishment range is from two to twenty years and up to a $10,000 fine. And for indecency with a child, it's two to ten years and a $10,000 fine. Both of these may, in some case be eligible for probation if the person has not previously been convicted of a felony.

Following this explanation, the prosecutor then asked each prospective juror individually if he or she could consider the full range of punishment. In an exchange with the prosecutor, one prospective juror specifically mentioned the 20-year maximum sentence applicable to the sexual assault count when asking the prosecutor about probation:

> VENIREMAN MELTON: I have a question. Are you saying that we can -- that we would -- if they were convicted of sexual assault that we could give them probation all of the way up to 20 years or –
>
> THE PROSECUTOR: That's your range of punishment. Can you consider the full range?

3

When Phillips' counsel was addressing the prospective jurors, he specifically stated that the punishment range for aggravated sexual assault was inapplicable, and then, minutes later, mentioned the punishment ranges that were applicable:

> That's aggravated sexual assault. The range of punishment on that would be five to life, so those don't -- those cases are extreme cases and don't fit really our offenses here, okay?

.    .    .

> All right. Range of punishment . . . . Both the State and the Defendant are entitled to jurors who can consider the full possible range of punishment from the minimum to the maximum. In other words from the minimum of two years on both offenses, the sexual assault or indecency with a child, or the maximum of ten years on indecency with a child, the exposure case, or 20 years in the sexual assault case, okay?

> So you have to be able to consider as little as two years and then a 10 and a 20 on the other -- on the two offenses, okay?

Following *voir dire*, the trial court admonished Phillips twice that he had a right to have the jury determine his guilt or innocence on both counts, but Phillips remained steadfast that he wanted to plead guilty.

After the close of evidence at punishment and before closing arguments, the trial court read its charge to the jury. In its charge, the trial court detailed the applicable range of punishment for each count Phillips faced. Immediately after the charge was read to the jury, the prosecutor mentioned the applicable punishment ranges again, and minutes later, asked the jury to impose the maximum sentences allowable:

> I want to talk to you briefly about the Charge that the Judge just read to you. There on the first page, you have the range of punishment that we discussed during voir dire. For Count I it's somewhere from two to twenty years and that fine up to $10,000. In Count II, it's anywhere from two to ten years and that fine up to $10,000.

4

. . .

I ask you to go back in that jury room and get justice for Mark. And I ask you to go back in the jury room and give Derric 20 years on Count I and 10 years on Count II . . . .

Despite the repeated references to the punishment range applicable to each offense and the opportunity to reconsider whether to plead guilty, Phillips did not object or attempt to withdraw his pleas at any time during *voir dire* or before punishment. Likewise, although given the opportunity to object to the trial court's charge after *voir dire* and before punishment, Phillips did not do so. Furthermore, Phillips never raised any issue regarding the trial court's failure to admonish him on the punishment ranges at sentencing or in the subsequently-filed motion for new trial. We conclude that the trial court's failure to admonish Phillips of the applicable punishment range that he faced on each count was harmless error and did not render his pleas involuntary.

### 2. *Sex Offender Registration*

The State also concedes that the trial court failed to admonish Phillips that he would have to register as a sex offender before accepting his guilty pleas as was statutorily required. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(5). Having reviewed the record, we agree. Nevertheless, as the State correctly points out, Article 26.13(h) of the Code of Criminal Procedure specifically precludes us from setting aside Phillips' convictions, sentences, or pleas on this basis.[3] *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(h); *Morin v. State*, 340 S.W.3d 816, 817-18 (Tex.App.--San Antonio 2011, pet. ref'd)(applying Article 26.13(h) to dispose of appellant's

---

[3] Even if Article 26.13(h) were inapplicable, the record is replete with evidence that Phillips knew that he would be required to register as a sex offender. The most revealing is Phillips' own admissions at the punishment phase of the trial. In response to his counsel's question, Phillips testified affirmatively that he understood the ramification that, by pleading guilty, he was "going to be a registered sex offender for the rest of [his] life . . . ." Also, during closing arguments, Phillips' counsel reiterated that Phillips would be a registered sex offender for the rest of his life irrespective of whether he received probation.

5

argument that he was entitled to a new trial because the trial court failed to admonish him of required sex offender registration).   Article 26.13(h) forecloses Phillips' attempt to set aside the trial court's judgments on the basis that he was not admonished that he would have to register as a sex offender.

Phillips' first issue is overruled.

### *Imposition of Consecutive Sentences*

Phillips cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as support for his argument that the trial court's decision to cumulate his sentences violated his Sixth Amendment right that the sentence imposed not be greater than that authorized by the jury's fact-finding.   However, as Phillips acknowledges in his brief, the Texas Court of Criminal Appeals rejected this same argument in *Barrow v. State*, concluding that *Apprendi* and its progeny were inapplicable since they did not address a trial court's authority to cumulate sentences when that authority is provided by statute and is not based upon discrete fact-finding, but is wholly discretionary.[4]   *See* 207 S.W.3d 377, 380 (Tex.Crim.App. 2006).   Phillips nonetheless posits that *Barrow* was wrongly decided and invites us to revisit the issue.   We decline to do so.

Accordingly, Phillips' second issue is overruled.

### **CONCLUSION**

Having overruled both of Phillips' issues, we affirm the judgment of the trial court.

---

[4] Phillips also cites *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), as additional support for his argument.   However, *Ice* is inapposite.   The issue in *Ice* was not whether the trial court was required to engage in fact-findings to justify imposing consecutive sentences, but whether it was constitutionally permissible for the trial court, rather than the jury, to engage in fact-findings to justify imposing consecutive sentences.   *See id.* at 164,129 S.Ct. at 714-15.   This is not the issue here, and even if it were, the Supreme Court held in *Ice* that it was constitutionally permissible for the trial court, rather than the jury, to engage in such fact-finding.   *See id*.

May 16, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)