

**NUMBER 13-11-00369-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**PEDRO GARCIA, III**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Longoria

In three issues, appellant, Pedro Garcia III, asks us to set aside an order deferring adjudication entered pursuant to a plea bargain on the basis that the plea was involuntary. We affirm.

## I. BACKGROUND

Appellant was charged with indecency with a child, a second degree felony. *See* TEX. PENAL CODE ANN. § 21.11 (West Supp. 2011). On March 21, 2011, appellant pleaded guilty pursuant to a plea agreement where he would receive eight years of deferred adjudication community supervision and register as a sex offender. The trial court accepted the plea deal but added a jail term of ninety days that was later reduced to sixty and to be served on work release. Appellant filed a motion for a new trial; the court held a hearing on the motion in which the judge questioned whether he retained jurisdiction over a deferred adjudication order that was more than thirty days old and then took no further action. This appeal followed.[1]

## II. DISCUSSION

Appellant argues that his plea was involuntary because his trial counsel failed to admonish him that the requirement to register as a sex offender could last for the rest of his life; that the trial court's failure to admonish violated his right to due process; and that he received ineffective assistance of counsel because trial counsel failed to inform him of the potential length of the registration requirement.

In his first issue, appellant argues that his plea was involuntary because he was not fully admonished of the consequences of his plea in violation of article 26.13(a) of the code of criminal procedure. Prior to accepting a defendant's plea of guilty or no contest, a trial court must admonish the defendant on several subjects, including the

---

[1] A motion for new trial is not the proper procedure for challenging the voluntariness of a plea deal where the trial court has deferred adjudication. *Donovan v. State*, 68 S.W.3d 633, 635-38 (Tex. Crim. App. 2002). Appellant did not file a separate notice of appeal but attached an affidavit "invoking" his right to appeal the order deferring adjudication to his amended motion for new trial. Because he appears to have filed the affidavit in the trial court within the thirty day period as provided for in the rules, and the affidavit is sufficient to give notice of his intent to appeal, we conclude that we retain jurisdiction. *See* TEX. R. APP. P. 25.2(c)(2), 26.2(a)(1).

requirement to register as a sex offender if the defendant is pleading to one of the triggering offenses listed in Chapter 26 of the code of criminal procedure. TEX. CODE CRIM. PRO. ANN. art. 26.13(a)(5) (West Supp. 2011); *see Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). The trial court must substantially comply with the requirement to admonish defendants regarding sex offender registration, but failure to do so is not grounds for setting aside a conviction, sentence, or plea. TEX. CODE CRIM PRO. ANN. art. 26.13(h). Because the legislature has foreclosed noncompliance with article 26.13 as a ground of relief, we overrule appellant's first issue. *Morin v. State*, 340 S.W.3d 816, 818 (Tex. App.—San Antonio 2011, pet. ref'd) ("The Legislature foreclosed any attempt by an appellant to set aside a plea, conviction, or sentence based on a trial court's failure to properly admonish in accordance with article 26.13(a)(5)."); *see also James v. State*, 258 S.W.3d 315, 318 (Tex. App.—Austin 2008, pet. ref'd).

In his second issue, appellant argues that his plea was involuntary because the trial court's failure to admonish him about the same issue violated his due process rights. Whether the trial court's admonishments complied with due process is a question separate from compliance with article 26.13(a). *Gardner v. State*, 164 S.W.3d 393, 398 (Tex. Crim. App. 2005). A guilty plea is voluntary under the state and federal constitutions when it is made with a clear understanding of the "direct consequences of the plea." *Mitschke v. State*, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004) (citing *Brady v. U.S.*, 397 U.S. 742, 748 (1970)). Direct consequences are those that are "definite and largely or completely automatic." *Id.* at 135. The court of criminal appeals has ruled that due process does not require admonishing the defendant because

3

registration, although a direct consequence of a plea to a triggering offense, is a remedial and not a punitive measure. *Id.* at 136; *see Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). In any event, the court in this case provided appellant with a set of written admonishments that described the requirement to register as a sex offender and that the requirement could conceivably end "when you die." Before entering the plea, appellant initialed the paragraphs acknowledging that he would have to register as a sex offender and that he understood "the admonishments given to me in writing by the court." Thus, there is no merit to appellant's contention that he was not properly admonished. Appellant's second issue is overruled.

Appellant argues in his third issue that his plea was involuntary because his trial counsel was ineffective for failing to explain that the registration requirement could last for the rest of appellant's life. To prevail on a claim of ineffective assistance of counsel the defendant must meet the heavy burden of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the defendant must show by preponderance of evidence that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Id.* at 687; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christie 2006, no pet.). Allegations of ineffectiveness must be "firmly founded in the record." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Direct appeal is usually inadequate to make an ineffectiveness claim because the record is often undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). We look to "the totality of the representation and the particular circumstances of each case in evaluating the

4

effectiveness of counsel." *Thompson*, 9 S.W.3d at 813. If an appellant fails to prove one prong of the test, we need not reach the other prong. *See Strickland*, 466 U.S. at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The *Strickland* standard applies to plea bargaining. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). When an appellant challenges the voluntariness of a plea entered into on the advice of counsel the test is: "(1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Riley v. State*, 378 S.W.3d 453, 459 (Tex. Crim. App. 2003) (quoting *Strickland*, 466 U.S. at 694).

Appellant bases his claim of ineffective assistance on his trial counsel's failure to explain the potential duration of the sex offender registration requirements. We need not decide whether trial counsel's performance was actually deficient because appellant does not claim on appeal that he would have insisted on going to trial if he had been aware of the possibility that he could conceivably be required to register as a sex offender for the rest of his life. Appellant thus does not contend that the outcome of the proceeding would have been different but for his counsel's alleged ineffectiveness and therefore cannot meet the second prong of the ineffectiveness test. *See Moody*, 991 S.W.2d at 857–58. Because appellant has failed to meet the prejudice prong of the test, we need not address whether trial counsel's performance was deficient. *See*

*Strickland*, 466 U.S. at 697; *Garcia*, 57 S.W.3d at 440. Appellant's third issue is overruled.

### III. CONCLUSION

Having overruled appellant's three issues, we affirm the trial court's order deferring adjudication.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
7th day of February, 2013.