

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00232-CR

HUGO FLUELLEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,405

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

# O P I N I O N

## I. Background

In Upshur County, Texas, Hugo Fluellen was charged by indictment with six counts:[1] two counts of indecency with a child, three counts of sexual assault of a child, and a single count of aggravated sexual assault of a child. After the jury was selected, Fluellen entered open pleas of "guilty" to all charges, and the trial court accepted his pleas. Even after his pleas of guilty, a jury trial on guilt/innocence occurred, and the jury found him guilty on all counts. After the jury was excused, the enhancement allegation was read, and Fluellen pled "true" to the allegation that he had been convicted of felony sexual assault in 1987. Before entering the plea of true, the State explained that, if the enhancement allegation was found true, Fluellen would receive an automatic life sentence for each of the six counts for which he was convicted. The trial court sentenced Fluellen to six consecutive life sentences.

On appeal, Fluellen contends that the trial court erred in accepting his pleas because he was not properly admonished and his plea was not entered knowingly and voluntarily.

We affirm the trial court's judgment.

## II. Fluellen's Plea

The trial court must give a series of admonishments to defendants who plead guilty. In his sole point of error, Fluellen argues[2] that the trial court erred in accepting his pleas because

---

[1]Fluellen was also indicted on and pled guilty to a seventh charge. However, due to a defect in the indictment, the trial court dismissed the indictment containing the seventh charge.

[2]"[A] court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived." *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). The record contains no express waiver.

the trial court failed to (1) determine whether he was competent, (2) inform him of the enhanced penalties during the guilt/innocence phase of the trial, (3) inquire as to his citizenship or admonish him regarding immigration consequences, and (4) admonish him regarding the sex-offender registration requirements. He contends that the "cumulative effect of these errors resulted in unknowing and involuntary pleas."

In determining whether a plea was knowing and voluntary, we consider the totality of the circumstances viewed in light of the entire record. *Griffin v. State*, 703 S.W.2d 193, 196–97 (Tex. Crim. App. 1986); *Ybarra v. State*, 93 S.W.3d 922, 925 (Tex. App.—Corpus Christi 2002, no pet.); *see Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). Article 26.13 of the Texas Code of Criminal Procedure states,

> (a)     Prior to accepting a plea of guilty . . . , the court shall admonish the defendant of:
>
> (1)     the range of punishment attached to the offense;
>
> . . . .
>
> (4)     the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law; and
>
> (5)     the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter.
>
> (b)     No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.
>
> . . . .

3

> (h)     The court must substantially comply with Subsection (a)(5).  The failure of the court to comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea.

TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2014).  "In admonishing the defendant . . . , substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."  TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007); *Seagraves v. State*, 342 S.W.3d 176, 183 (Tex. App.—Texarkana 2011, no pet.).  The failure to admonish in accordance with Article 26.13 is a statutory error rather than a constitutional error.  *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).  As such, an appellate court will disregard the error unless it affected the substantial rights of the defendant.  TEX. R. APP. P. 44.2(b).  We review the entire record to determine whether the defendant was aware of the consequences of his plea or whether he was misled or harmed by the trial court's failure to admonish.  *Burnett*, 88 S.W.3d at 638.

### A.     Competency

Fluellen argues that the trial court erred in accepting his guilty pleas because it failed to determine or make inquiry into whether he was competent.  The court may not accept a plea of guilty "unless it appears that the defendant is mentally competent and the plea is free and voluntary."  TEX. CODE CRIM. PROC. ANN. art. 26.13(b); *Boykin v. Alabama*, 395 U.S. 238 (1969); *see Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  However, "[u]nless an issue is made of an accused's present insanity or mental competency at the time of the plea[,] the court need not make inquiry or hear evidence on such issue," and it is not error to accept the

4

guilty plea. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.).

Article 46B.003 of the Texas Code of Criminal Procedure states,

(a)     A person is incompetent to stand trial if the person does not have:

(1)     sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or

(2)     a rational as well as factual understanding of the proceedings against the person.

(b)     A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(1)–(2), (b) (West 2006).

Fluellen does not directly argue that he could not consult intelligently with his lawyer or that he misunderstood the proceedings against him, but instead argues that the issue of competency was raised by his actions during the course of the proceedings. At the pretrial hearing, Fluellen refused to plead guilty and would not accept the State's offer of life imprisonment, but at trial, he pled guilty despite the State's notice of enhancement that made it "clear that [he] would receive . . . automatic life sentences if convicted." He contends that "[t]here is no[] reason to infer that he suddenly found a life sentence—or several of them— acceptable."

We review a trial court's decision not to conduct an informal competency inquiry under an abuse-of-discretion standard. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999); *Lawrence v. State*, 169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet. ref'd). Upon

5

suggestion that a defendant may be incompetent to stand trial, a trial court should determine by informal inquiry whether there is some evidence that would support an incompetency finding. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West Supp. 2014). Under the present statute, "[a] suggestion of incompetency is the threshold requirement for an informal inquiry" regarding competency. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2014); *see Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013).

Changing his mind about whether a life sentence was acceptable is insufficient to suggest that Fluellen might be incompetent. This is particularly true here because the trial court had multiple opportunities to observe Fluellen "in open court, hear him speak, observe his demeanor[,] and engage him in colloquy as to the voluntariness of his plea." *Kuyava*, 538 S.W.2d at 628. It appears that Fluellen was fully engaged in the legal process, and nothing was presented to suggest that an incompetency issue was raised. During one of several pretrial hearings, Fluellen indicated that he had consulted with his attorney and that that he had elected not to accept the State's offer of life imprisonment. Later during that same hearing, Fluellen complained about his attorney and wanted another attorney. We conclude that there is no evidence in the record to suggest Fluellen lacked either (1) "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding" or (2) "a rational as well as factual understanding of the proceedings against [him]." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). In the absence of any suggestion of incompetency, Fluellen was presumptively competent, and the trial court did not err in failing to make further inquiry.

6

**B.      Enhanced Punishment Range**

Fluellen contends that "the Court failed to inform [him] that he would receive automatic life and could receive consecutive sentences if convicted and enhanced."

To warrant a reversal on direct appeal on the basis of a trial court's failure to admonish the defendant regarding the range of punishment, the record must support an inference that the defendant did not know the consequences of his plea. *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). When determining if an appellant understood the ramifications of his plea, we examine the entire record. *Id.*

Article 26.13 does not require that the trial court admonish a defendant that consecutive sentences are a possible result, and the failure to do so does not render a guilty plea involuntary. *See, e.g.*, *Simmons v. State*, 457 S.W.2d 281, 283 (Tex. Crim. App. 1970); *McGrew v. State*, 286 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2008, no pet.) ("We agree that the imposition of consecutive sentences is not a direct consequence of a guilty plea, and a plea is not rendered involuntary by the trial court's failure to warn of such a possibility."). Fluellen makes no argument to the contrary. There is ample evidence in the record that Fluellen was aware he could receive one or more life sentences if he pled guilty to the charges and true to the enhancement allegations.

During a pretrial hearing, Fluellen rejected a proposed negotiated plea agreement under which he would have pled guilty to one count and received a life sentence with the possibility of parole and pled guilty to a second degree felony count with the sentences running concurrently. The State remarked in Fluellen's presence that "the new indictment that just came down is life

7

without parole and certainly that would be the one for punishment purposes we would want to go with for jury trial . . . ."[3] His counsel explained to him that under the proposed plea agreement, the two sentences were "concurrent, not stacked." A few weeks before trial, based on Fluellen's 1987 felony conviction for sexual assault, the State filed a notice of its intention to seek "Enhancement of the Range of Punishment—Automatic Life Sentence." The notice stated that, if the jury found the enhancement allegation true, "the range of punishment for the offense in this cause would be confinement for [l]ife." On appeal, Fluellen notes that the State's notice made it "clear that [he] would receive . . . automatic life sentences if convicted." Just before the jury was selected, Fluellen's counsel announced that he would "either plead no contest, nolo contendere, or guilty once he is arraigned . . . outside the presence of the selected jury and then in the presence of the selected jury." Fluellen did not waive a jury trial. During his appearances, both outside and in the jury's presence, the trial court admonished him that life imprisonment was the maximum punishment for some of the charges against him.

After the jury found Fluellen guilty and the trial court excused them, the State read the enhancement charge. The notice stated that the range of punishment would be confinement for life. Immediately after the reading of the enhancement paragraph into the record, Fluellen pled true to the enhancing allegation. After his true plea, the State, defense counsel, and the court discussed and clarified the enhancement's effect on Fluellen's convictions. The court made clear that, if the enhancement allegation was true, "each count [for which Fluellen was convicted] then

---

[3]Ultimately, the charge of continuous sexual assault carrying the life without parole penalty was dismissed. Fluellen was sentenced to life imprisonment, not life without parole.

8

[became] an automatic life" sentence.[4] Fluellen did not seek to withdraw his plea. The State offered Exhibit 12 into evidence, the "pen packet" regarding Fluellen's 1987 conviction, and Fluellen raised no objection. After the State and the defense rested, the court noted that, due to the enhancement, each sentence would be life, and "all six of them will be stacked."

As noted above, there are multiple instances in the record where the State and the trial court mentioned the life sentences Fluellen faced. During a pretrial hearing, Fluellen was notified that the State was seeking a sentence of life without parole. The State's notice and the parties' discussion during the punishment phase made clear that, if the enhancement allegation was found true, Fluellen would receive an automatic life sentence for each conviction. With no evidence in the record to support an inference that Fluellen was unaware of the consequences of his plea and with a great deal of evidence to show that Fluellen knew the range of punishment and automatic life sentences he faced, we cannot find that the trial court's failure to admonish him regarding the range of punishment misled or harmed Fluellen.[5]

### C. Citizenship and Immigration Status

Fluellen also argues that his plea was involuntary because the trial court failed to inquire about his citizenship and admonish him regarding possible negative effects on his immigration

---

[4]Defense counsel clarified that the enhanced sentences would be life, rather than life without parole.

[5]We note an unorthodox feature of this trial. Fluellen pled guilty to the underlying charge, but did not waive a jury trial. After a guilty plea is entered, there is no necessity for a bifurcated trial. *Carroll v. State*, 975 S.W.2d 630, 631–32 (Tex. Crim. App. 1998); *Frame v. State*, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. [Panel Op.] 1981). Here, the trial was conducted as if the defendant had pled not guilty—the evidence on guilt/innocence was presented, and the jury charge was one used for normal guilt/innocence proceedings giving the jury an option to find the defendant not guilty. Fluellen does not present this as a issue, but opines that, since the proceeding should have been a unitary one, the failure to admonish of the full range of punishment was clearly trial error and a denial of due process. The State concedes that the failure to admonish was erroneous, but argues that the error was harmless. We have, therefore, treated this as a trial error and, consequently, will not delve into any differences in the required admonishments, if any, when the proceeding is unitary rather than bifurcated.

status.  Article 26.13(a)(4) required that the trial court admonish Fluellen "that if [he] is not a citizen of the United States of America," a plea may negatively affect his immigration status and abilities.  State's Exhibit 12, the certified pen packet regarding Fluellen's 1987 conviction, indicates that, at that time, Fluellen's nationality was American.  Because there is nothing in the record demonstrating that Fluellen's nationality was incorrectly noted in the pen packet or indicating that Fluellen renounced his American citizenship or became a citizen of a foreign country prior to trial, any error in failing to inquire as to his citizenship or to admonish on potential immigration consequences was harmless.

### D.     Sex-Offender Registration

Fluellen also contends that the trial court committed reversible error, in part, because it failed to admonish him regarding the Chapter 62 sex-offender registration requirements as mandated by Article 26.13(a)(5).  However, effective in 2005, the Legislature amended Article 26.13(h) to include a provision stating, "The failure of the court to comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea."  Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.03, 2005 Tex. Gen. Laws 3385, 3419 (current version at TEX. CODE CRIM. PROC. ANN. art. 26.13(h) (West Supp. 2014)).  The plain language of the statute renders Fluellen's argument invalid.  *Morin v. State*, 340 S.W.3d 816, 818 (Tex. App.—San Antonio 2011, pet. ref'd); *James v. State*, 258 S.W.3d 315, 318 (Tex. App.—Austin 2008, pet. dism'd, untimely filed) (by amending Article 26.13(h), Legislature foreclosed relief sought by defendant).

10

## III.    Due Process

Fluellen also argues that the failure to properly admonish him caused him to enter a plea of guilty in violation of his due process rights. Due process requires that each defendant who pleads guilty do so with a full understanding of the charges against him and the consequences of the plea. "[T]he defendant must have an actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he necessarily relinquishes—in short 'a full understanding of what the plea connotes and of its consequence.'" *Davison v. State*, 405 S.W.3d 682, 686–87 (Tex. Crim. App. 2013) (quoting *Boykin*, 395 U.S. at 244). If the record "affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied." *Id.* at 687. The Texas Court of Criminal Appeals has held that the *Boykin* requirements of due process relating to guilty pleas does not necessarily require the equivalent of Article 26.13 admonishments or admonishments as to the range of punishment. *Id.* (citing *Aguirre-Matta v. State*, 125 S.W.3d 473, 475–76 (Tex. Crim. App. 2003)).

The record supports a conclusion that Fluellen understood the charges against him and the consequences of pleading guilty. The State's notice of intent to seek enhancement clearly stated that, upon a determination that Fluellen previously had been convicted as alleged, the punishment was confinement for life in the Texas prison system. Further, Fluellen had earlier rejected a negotiated plea agreement under which he would be sentenced to life imprisonment, stating he would not accept the life sentence. After Fluellen rejected that offer, the State clearly communicated that no further negotiated plea agreement would be offered. A few weeks later, just before the jury was impaneled, Fluellen changed his mind and decided to plead guilty

11

without any negotiated plea agreement. We believe the record discloses that Fluellen's decision to plead guilty was adequately informed, rendering the plea voluntary and intelligent. *Davison*, 405 S.W.3d at 687 ("For the appellant to prevail on his constitutional claim, therefore, it is not enough that the record is unrevealing with respect to whether he was admonished by the trial court; the record must also be silent with respect to whether he was *otherwise* provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent.").

In conclusion, whether the trial court's alleged failures to inquire and/or admonish are viewed separately or collectively, the record shows that Fluellen was aware of the consequences of his plea and that he was neither misled nor harmed by the admonishments given by the court. Accordingly, we overrule his points of error.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     August 6, 2014
Date Decided:      August 15, 2014

Publish