

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00369-CR
No. 07-14-00370-CR

ZAVIER ALLEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court Nos. 2013-400,580 & 2013-400-581;
Honorable Bradley S. Underwood, Presiding

April 2, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Zavier Allen entered open pleas of guilty to the offenses of aggravated sexual assault and aggravated robbery and was convicted of the same. He now contests those convictions by claiming that he was not admonished as to the requirement that he register as a sex offender which rendered both pleas involuntary. We affirm the judgments.

Statute provides that before accepting a plea of guilty, the trial court shall admonish the defendant of the fact that he will be required to meet the registration requirements of Chapter 62 (Sex Offender Registration Program) if he has been convicted of aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(5) (West Supp. 2014). That the requisite admonishment was not afforded by the trial court to appellant here is undisputed. Nevertheless, the purported error is harmless.

First, the legislature also provided in article 26.13 that the failure to admonish the accused about the need to register as a sex offender is not a ground for the defendant to set aside the conviction, sentence, or plea. *Id.* art. 26.13(h). And, various intermediate courts of appeals have rejected issues identical to the one at bar for that reason. *See e.g.*, *Fluellen v. State*, 443 S.W.3d 365, 372 (Tex. App.—Texarkana 2014, no pet.); *Morin v. State*, 340 S.W.3d 816, 818 (Tex. App.—San Antonio 2011, pet. ref'd); *James v. State*, 258 S.W.3d 315, 318 (Tex. App.—Austin 2008, pet. dism'd, untimely filed).

Second, the record also contains the following exchange that occurred at the plea hearing:

> MR. SKELTON: Zavier, prior to us coming in here today we discussed the requirements that you'll have upon release, whenever that may be, *that you'll have to register, correct*?
>
> THE DEFENDANT: Yes, sir.
>
> MR. SKELTON: And you knew that prior to entering your plea?
>
> THE DEFENDANT: Yes, sir.

(Emphasis added). To that, we add the following information incorporated into the trial court's judgment: "Defendant understands that he/she will be required to meet the

2

registration requirements as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure. Further, the Defendant represents that his/her counsel has explained the requirements of Chapter 62 of the Texas Code of Criminal Procedure as it applies to the Defendant." These circumstances compel us to hold that appellant actually knew of the registration requirements in question even though the trial court may not have reiterated them. *See Anderson v. State,* 182 S.W.3d 914, 920 (Tex. Crim. App. 2006) (stating that "if the appellant already were aware of the registration requirement, the effect of the court's error on his decision to plead guilty would be much less.").

Accordingly, we overrule appellant's issue and affirm the judgments.


Brian Quinn
Chief Justice

Do not publish.