# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00296-CR

**Robbie Dale Walker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-11-0908, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In an open plea to the court, appellant Robbie Dale Walker pled guilty to theft of property valued at $200,000 or more.[1] *See* Tex. Penal Code § 31.03(a), (e)(7). The trial court assessed appellant's punishment at confinement for 25 years in the Texas Department of Criminal Justice, and ordered him to pay $255,000 in restitution. *See id.* § 12.32; Tex. Code Crim. Proc. art. 42.037(a). In two points of error on appeal, appellant complains that the trial court erred in finding him competent to stand trial and asserts that his trial counsel rendered ineffective assistance. Finding no reversible error, we affirm the trial court's judgment of conviction.

---

[1] Though no formal plea bargain was agreed on by the parties, the record indicates that appellant had been indicted for four other theft charges that were pending on the jury trial docket at the time he entered his guilty plea in this case. In exchange for appellant's open plea to the court in this case, the State agreed to dismiss the other pending indicted charges.

# BACKGROUND[2]

Appellant pled guilty to theft of $200,000 or more in an open plea to the court. During the course of accepting appellant's plea, the following exchanges, as relevant to appellant's points of error, occurred between the judge and appellant:

THE COURT:     Have you ever been diagnosed [with] or treated for any type of mental illness?

APPELLANT:     No, sir.

THE COURT:     Are you under the influence of alcohol or drugs this morning?

APPELLANT:     No.

THE COURT:     Are you fully aware of what you are doing?

APPELLANT:     Yes, sir.

THE COURT:     Do you have a rational and factual understanding of these proceedings?

APPELLANT:     Yes, sir.

THE COURT:     Have you been able to communicate effectively with your lawyer and assist her in your defense?

APPELLANT:     Yes, sir.

THE COURT:     Counselor, have you been over the indictment with your client?

COUNSEL:       Yes, I have.

---

[2] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at the proceedings below, we limit recitation of them in this opinion to those necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

THE COURT: Do you believe he is competent?

COUNSEL: Yes, I do.

THE COURT: I do too, and I am going to find that he is.

Did you explain to him each and every element of the offense - -

Is it one count of the indictment?

PROSECUTOR: Yes, sir.

THE COURT: And it is theft over $200,000?

PROSECUTOR: Yes, Your Honor.

THE COURT: Did you explain to him each and every element of the offense charged, what the state would have to prove at trial in order to get a conviction?

COUNSEL: Yes, I have.

THE COURT: Do you think he understood?

COUNSEL: Yes, he did.

THE COURT: All right. [Appellant], is that true?

APPELLANT: Yes, sir.

. . .

THE COURT: One of the rights that you gave up was your right to be arraigned today, which would be nothing more or less than having [the prosecutor] read aloud the indictment charging you with theft more than $200,000, but you understand -- but you say you have been over that indictment with your lawyer and you understand what you have -- what you are charged with?

APPELLANT: Yes, sir.

3

. . .

THE COURT:      Are you pleading guilty because you are in fact guilty and for no other reason?

APPELLANT:      Yes, sir.

THE COURT:      No one has promised you anything or threatened or coerced you to get you to enter that plea, have they?

APPELLANT:      No, sir.

THE COURT:      Are you entering your plea freely, knowingly, intelligently and voluntarily after thoroughly conferring with your lawyer?

APPELLANT:      Yes, sir.

. . .

THE COURT:      Are you satisfied that your counsel has thoroughly investigated your case?

APPELLANT:      Yes, sir.

THE COURT:      Has she made herself available to consult with you and explain to you your legal rights and options so you know what you are doing here this morning?

APPELLANT:      Yes, sir.

THE COURT:      You are making an informed decision to plead open in this case?

APPELLANT:      Yes, sir.

. . .

THE COURT:      So you understand the range of punishment for this offense is not less than five years no more than 99 years incarceration, and a fine not to exceed $10,000?

APPELLANT:      Yes, sir.

4

THE COURT: And I see there is an application for probation.

COUNSEL: Yes, Your Honor.

THE COURT: So that means the range of punishment is going to be anywhere from probation to 99 years or life imprisonment and a $10,000 fine. Okay.

And you are entering your plea open knowing that after reading the presentence investigation report and listening to any evidence that I hear at the punishment phase of the trial that I can send [sic] you to anything within that range?

APPELLANT: Yes, sir.

THE COURT: I assume deferred is on the table, or not?

PROSECUTOR: Open, everything.

THE COURT: Everything is on the table. All right. Okay.

Are you entering that plea freely, knowingly, intelligently and voluntarily after thoroughly conferring with your lawyer?

APPELLANT: Yes, sir.

THE COURT: Okay. It is accepted as freely, knowingly, intelligently and voluntarily entered.

Did you realize when you signed State's 1 you gave up your right to a jury trial?

APPELLANT: Yes, sir.

THE COURT: You gave up your right to remain silent, not give evidence against yourself?

APPELLANT: Yes, sir.

5

THE COURT:     In fact, you not only gave up that right by signing State's 1, you made a judicial confession somewhere in here. Should be a stipulation -- yes.

Did you realize that you were doing that?

APPELLANT:     Yes, sir.

THE COURT:     And lastly, you gave up or waived your right to confront your accusers, have each witness against you subjected to cross-examination under oath in open court. Did you realize that you did that?

APPELLANT:     Yes, sir.

THE COURT:     Did you give up each of these valuable rights freely, knowingly, intelligently and voluntarily after thoroughly conferring with your lawyer?

APPELLANT:     Yes, sir.

At this point, State's Exhibit 1, plea paperwork containing appellant's judicial confession admitting his guilt to the instant theft offense, was offered and admitted without objection.

THE COURT:     The court finds the defendant is competent to stand trial, entered his plea and waived his rights freely, knowingly, intelligently and voluntarily and that he is pleading open to the Court and the range of punishment is anywhere from deferred adjudication for two years up to 99 years or life imprisonment and a $10,000 fine.

The court then took the case under advisement pending the presentence investigation and reset the case for a punishment hearing. In the interim, appellant was arrested on an additional theft charge.

At the punishment hearing, approximately one month after the plea, appellant's counsel asked that appellant be permitted to withdraw his guilty plea, moved for a continuance, and

6

requested a formal competency evaluation of appellant. After some discussions about whether the new charge was included in the negotiated dismissals, the court denied appellant's request to withdraw his guilty plea. After hearing comments from appellant's counsel and some testimony from appellant, the court denied the motion for a competency evaluation.[3]

## DISCUSSION

### Competency

In his first point of error, appellant argues that the trial court erred in finding him competent to stand trial.

"A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013). "'[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense, may not be subjected to trial.'" *Id.* at 688–89 (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). The Texas Legislature has adopted the constitutional standard for competency to stand trial in Article 46B.003(a) of the Texas Code of Criminal Procedure. *Id.* at 689; *see* Tex. Code Crim. Proc. art. 46B.003(a). A defendant is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him. Tex. Code Crim. Proc. art. 46B.003(a).

---

[3] The motion for continuance was not presented to the court and the court made no ruling on it, though in denying the request for a competency evaluation, the court stated that it "[did not] find any reason to delay the matter further." The court then proceeded to conduct the punishment hearing after the lunch recess.

Under our current statutory scheme concerning competency to stand trial, any "suggestion" of incompetency to stand trial calls for an "informal inquiry" to determine whether evidence exists to justify a formal competency trial. *Turner*, 422 S.W.3d at 691–92 (citing Tex. Code Crim. Proc. art. 46B.004(c)); *see Druery v. State*, 412 S.W.3d 523, 538 (Tex. Crim. App. 2013) (stating informal inquiry intended to determine whether issue of competency sufficiently raised such that formal hearing should be held).

Either party may suggest by motion, or a trial court may suggest on its own motion, that a defendant may be incompetent to stand trial. Tex. Code Crim. Proc. art. 46B.004(a). A suggestion of incompetence "may consist solely of a representation from any credible source." *Id.* art. 46B.004(c-1). "A further evidentiary showing is not required to initiate the inquiry, and [a] court is not required to have a bona fide doubt about the competency of [a] defendant." *Id.* "Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003." *Id.* The Article 46B.024 factors include whether the defendant can: "(A) rationally understand the charges against [him] and the potential consequences of the pending criminal proceedings; (B) disclose to counsel pertinent facts, events, and states of mind; (C) engage in a reasoned choice of legal strategies and options; (D) understand the adversarial nature of criminal proceedings; (E) exhibit appropriate courtroom behavior; and (F) testify." *Id.* art. 46B.024(1).

In conducting its informal inquiry, the trial court must consider only the evidence tending to show incompetency, "putting aside all competing indications of competency, to find

8

whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *Turner*, 422 S.W.3d at 692 (quoting *Ex parte LaHood*, 401 S.W.3d 45, 52–53 (Tex. Crim. App. 2013)). A trial court's firsthand factual assessment of a defendant's competency is entitled to great deference on appeal. *Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004). If, after its informal inquiry, the trial court determines that evidence exists to support a finding of incompetency, the statutory scheme requires the trial court to conduct a formal competency trial. *Turner*, 422 S.W.3d at 692; *see* Tex. Code Crim. Proc. arts. 46B.005, 46B.021(b). We review challenges to the adequacy of a trial court's informal competency inquiry, and its finding following an informal competency inquiry, for an abuse of discretion. *George v. State*, 446 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *see Luna v. State*, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008).

In reviewing the evidence supporting a finding of incompetence in this case, we begin with counsel's affidavit in support of her *Motion Suggesting Incompetency and Request for Examination*. In her affidavit, appellant's counsel asserted that she "experienced difficulty with representing [appellant]" and she "questions his ability to reasonably consult with [her] regarding his pending cases." She recounted that after appellant entered his guilty plea, she received additional information from the State regarding a new theft allegation against appellant. Because of this, she "began to question [appellant's] competency." She averred in her affidavit that appellant demonstrated "bizarre behavior" prior to and during his arrest for the new theft charge, though she did not describe what the purported bizarre behavior was. Counsel further stated that interviews with appellant's family and friends, conducted in preparation for the punishment hearing, "support the

9

conclusion that [appellant] suffered a traumatic emotional and/or psychological series of events approximately a decade ago." She also expressed her belief "that [appellant] may suffer from an undiagnosed and untreated mental illness."

The trial court here conducted an informal inquiry following the motion by appellant's counsel. At the informal inquiry regarding appellant's incompetency, appellant's counsel stated that the existence of the new theft case "put up a red flag for [her]." She indicated that in her interviews with appellant's family members and friends, they repeatedly communicated to her that "[t]his isn't the [appellant] we know." She told the court, "Something happened to [appellant] about twelve years ago after his father died. He seems to have snapped." She expressed that "there's an addiction or some problem with him" and voiced her belief that appellant "does not understand what is going on in this case." To support her belief, she referenced the PSI report, which indicated that during the presentence investigation appellant failed to take full responsibility for his offenses. She suggested that this failure demonstrated his lack of understanding of the charges against him. Counsel also noted that the appellant had an invalid SASSI evaluation (a substance abuse evaluation) because he was highly defensive in his responses. She indicated that since appellant does not drink or do drugs, this defensiveness supported her belief that he did not understand the proceedings. Also in the informal inquiry, counsel reasserted that "[t]here's been very bizarre behavior on his behalf"; though again, she did not describe the precise nature of the purportedly bizarre behavior. She said that she thought appellant was delusional "about some things, like getting the money together [for restitution]."

10

Appellant testified during the informal inquiry. He appropriately answered the questions propounded by both his attorney and the trial court. In his testimony, appellant admitted that he knew about the possibility of a new theft case at the time he entered his guilty plea. He also indicated that he knew the new charge could affect the plea but did not tell his attorney about it. When asked why he did not disclose this information to his attorney, appellant said, "I don't know." He expressed his understanding of the importance of working with and assisting his attorney in preparing for this case, but acknowledged that he failed to do so.

Appellant contends in his brief that the "evidence . . . consisting of an affidavit from trial counsel, her statements to the trial court, and the statements made by appellant, himself, was sufficient to show [appellant's] incompetency." We disagree. The record supports a finding by the trial court that none of the assertions by counsel—in her affidavit or to the court during the informal inquiry—demonstrate incompetence. Counsel's averment that she experienced difficulty with representing appellant, while perhaps a reflection of the attorney-client relationship, does not demonstrate appellant's incompetence. *See Reed v. State*, 112 S.W.3d 706, 710 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) ("It is not enough for counsel to allege unspecified difficulties in communicating with the defendant.") (citing *Moore v. State*, 999 S.W.2d 385, 394 (Tex. Crim. App. 1999)). Also, contrary to counsel's suggestion, an additional criminal charge is not probative of incompetence; it simply indicates that appellant is alleged to have engaged in further criminal conduct. Appellant asserts in his brief that his unexplained failure to disclose his new criminal charge to his attorney is probative of his incompetence to stand trial. However, a general failure to cooperate with counsel does not, by itself, demonstrate incompetence to stand trial. *See*

11

*Turner*, 422 S.W.3d at 691 ("The fact that a defendant is mentally ill does not by itself mean he is incompetent. Nor does the simple fact that he obstinately refuses to cooperate with his trial counsel."); *Burks v. State*, 792 S.W.2d 835, 840 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) ("If such actions were probative of incompetence, one could effectively avoid criminal justice through immature behavior."). Thus, appellant's failure to communicate certain information to his trial counsel did not, by itself, constitute incompetence. *DeWitt v. State*, No. 05-12-00583-CR, 2013 WL 3389055, at *2 (Tex. App.—Dallas July 3, 2013, no pet.) (mem. op., not designated for publication) (defendant's failure to communicate with counsel did not demonstrate inability to communicate).

Further, the record supports a finding by the trial court that the statements of appellant's family members and friends do not show appellant's incompetence but only their opinion that appellant's criminal conduct was out of character for him. Also, the fact that appellant may have suffered an emotional trauma after his father's death, more than a decade before engaging in the instant criminal conduct, does nothing to show a present inability to comprehend the proceedings or communicate with counsel. Further, the problems counsel referenced regarding the PSI report are not indicative of appellant's incompetence. Criminal defendants often minimize their responsibility or attempt to justify or excuse their criminal conduct. Thus, appellant's failure to accept full responsibility does not necessarily demonstrate a lack of understanding of the proceedings. Similarly, appellant's apparent defensiveness as reflected by his responses in the SASSI evaluation does not necessarily show that he failed to understand the proceedings. Instead, the trial court could have reasonably found that his responses demonstrated that he was displeased with having to answer

12

the questions regarding his alcohol and drug use. Finally, although appellant's counsel asserted that appellant exhibited "bizarre behavior," there was no description of what exactly the behavior was. The information the trial court had before it did not consist of any bizarre or unusual rants or outbursts that might signal incompetence. In fact, the record reflects that appellant exhibited appropriate courtroom behavior throughout the proceedings. *See* Tex. Code Crim. Proc. art. 46B.024(1)(E) (one factor to consider in evaluating incompetence is whether defendant has capacity to exhibit appropriate courtroom behavior).

With regard to appellant's statements, appellant's testimony during the informal inquiry contained no suggestion appellant was incompetent. Appellant's unexplained failure to disclose information about his new charge to his attorney despite his understanding of the importance of doing so did not constitute evidence of an *inability* to factually appreciate the proceedings or to communicate with counsel and the trial court. *See, e.g.*, *DeWitt*, 2013 WL 3389055, at *2 (defendant's failure to communicate with counsel did not demonstrate inability to communicate). Rather, the trial court could have reasonably concluded, appellant's testimony demonstrated his understanding of the importance of communicating with and assisting his attorney but further reflected his choice not to do so.

The trial court could have reasonably found that nothing asserted by counsel or presented in appellant's testimony is indicative of incompetence. The trial court could have further found that nothing presented to the trial court overcame the presumption of appellant's competence. *See* Tex. Code Crim. Proc. art. 46B.003(b) ("A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the

13

evidence."). This is particularly true here because the trial court had the opportunity to observe appellant "in open court, hear him speak, observe his demeanor[,] and engage him in colloquy[.]" *Fluellen v. State*, 443 S.W.3d 365, 369–70 (Tex. App.—Texarkana 2014, no pet.) (quoting *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976)). The trial court had the opportunity to observe appellant's conduct firsthand and supplement its observations with its inquiry to defense counsel and appellant. *See Ross*, 133 S.W.3d at 627 (trial court's firsthand factual assessment of defendant's competency entitled to "great deference" on appeal); *see, e.g.*, *Jackson v. State*, 391 S.W.3d 139, 142 (Tex. App.—Texarkana 2012, no pet.) (concluding trial court's inquiry to defense counsel coupled with its own observations of defendant constituted sufficient informal inquiry into defendant's competence). From the record, it appears that appellant was fully engaged in the legal process, and nothing—including appellant's undescribed "bizarre behavior" or unexplained failure to disclose certain information to his attorney—was presented to demonstrate incompetence. The record supports the trial court's determination that appellant fully understood the pending charges and the proceedings against him, and was able to communicate with his attorney in a rational manner.

We conclude that the record supports a finding by the trial court that the evidence did not demonstrate that appellant was incompetent to stand trial at the time the court conducted the informal inquiry into appellant's competency or conducted the punishment hearing (or, for that matter, when the trial court accepted appellant's open guilty plea). *See, e.g.*, *Grider v. State*, 69 S.W.3d 681, 685 (Tex. App.—Texarkana 2002, no pet.) (holding evidence that defendant was paranoid schizophrenic, taking medication, hearing voices, and seeing visions was not evidence that

14

defendant lacked ability to consult with lawyer or understand the proceedings). There is no evidence in the record to demonstrate that appellant lacked either "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against [him]." *See* Tex. Code Crim. Proc. art. 46B.003(a). In the absence of "some evidence" in the record that "rationally may lead to a conclusion of incompetency," *see Ex parte LaHood*, 401 S.W.3d at 53, appellant was presumptively competent, *see Fluellen*, 443 S.W.3d at 369–70. Accordingly, we hold that the trial court did not abuse its discretion in concluding that there was no evidence to support a finding that appellant was incompetent to stand trial. *See Luna*, 268 S.W.3d at 600; *George*, 446 S.W.3d at 502. We overrule appellant's first point of error.

## Ineffective Assistance of Counsel

In his second point of error, appellant contends that his trial counsel rendered ineffective assistance because she failed to fully investigate his competency prior to the guilty plea and failed to prepare to present evidence in support of her motion requesting a competency evaluation.

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307. The appellant must then show the existence of a reasonable

15

probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellate review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at 307–08; *see Strickland*, 466 U.S. at 686. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308. If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

In this case, appellant filed a motion for new trial. However, he did not raise a claim of ineffective assistance of counsel in the motion. Thus, the record is silent as to why trial counsel failed to act in the manner that appellant now complains about on appeal. Although in her affidavit and during the informal inquiry regarding appellant's incompetency counsel provided some limited explanation of her conduct, she was not responding to a claim of ineffective assistance.

16

Consequently, the record before this Court is not sufficiently developed to allow us to evaluate her supposed failures to act because "[n]either [his] counsel nor the State have been given an opportunity to respond to" the claims of ineffectiveness. *See Menefield*, 363 S.W.3d at 593. Appellant's assertion that "[t]here can be no trial strategy for counsel's failures" because the record "clearly shows counsel to be unprepared without having made any decision to appear without preparation or timely investigation" is mere speculation. Such speculation does not constitute a demonstration, founded in the record, that no reasonable trial strategy existed. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) ("[C]ounsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation."). Appellant merely assumes that counsel took no actions to investigate or prepare because she called no witnesses at the informal inquiry. However, counsel was not afforded the opportunity to explain what actions she took to investigate appellant's incompetency and prepare to present evidence to the trial court regarding appellant's incompetency, to explain the failure to take any such actions if she did not, or to explain her reasons for taking or failing to take those actions.

Absent record evidence regarding counsel's strategy or reasoning, we will presume she exercised reasonable professional judgment. *See Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 902 (Tex. App.—Austin 1998, pet. ref'd); *see also Lopez*, 343 S.W.3d at 143. Appellant has failed to rebut the strong presumption of reasonable assistance because without explanation for trial counsel's decisions, the complained-of conduct does not compel a conclusion that her performance was deficient. We cannot say that "no

17

reasonable trial strategy could justify" her decision to engage in the complained-of conduct.[4] *See Lopez*, 343 S.W.3d at 143. Nor can we conclude that her conduct was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 592; *see also Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) ("The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel."). Accordingly, appellant has failed to demonstrate deficient performance on the part of his trial counsel. *See Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'") (quoting *Goodspeed*, 187 S.W.3d at 392).

Because appellant failed to meet his burden on the first prong of *Strickland* regarding deficient performance, we need not consider the requirements of the second prong—prejudice. *Lopez*, 343 S.W.3d at 144; *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."). Nevertheless, we also find that appellant failed to demonstrate that he suffered prejudice.

---

[4] For example, we note that in both her affidavit and her comments to the trial court during the informal inquiry, appellant's counsel indicated that only after the guilty plea was entered did she begin to have concerns about appellant's competency. She maintained that at the time of the guilty plea she believed appellant to be competent and had no reason to suspect otherwise. From the record before us, it does not appear that trial counsel believed she had reason to question appellant's competence until after the plea, at which time she brought the matter to the court's attention. Thus, the alleged failure to investigate before the guilty plea was entered could reasonably be explained.

18

Even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. *Strickland*, 466 U.S. at 693–95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App.—Tyler 2002, no pet.). The focus of the prejudice inquiry in the context of an ineffective-assistance claim regarding incompetency is whether an appellant can show that there was a reasonable probability that he would have been found incompetent to stand trial if the issue of competency had been raised and fully considered.[5] *Ex parte LaHood*, 401 S.W.3d at 54; *see Strickland*, 466 U.S. at 695. In assessing prejudice, we look to the entire record. *Ex parte LaHood*, 401 S.W.3d at 54; *Strickland*, 466 U.S. at 695.

In this case, the record reflects that the trial court inquired about appellant's competency during the plea proceeding. When appellant initially pled guilty to the theft charge in the indictment, the trial court admonished him of the consequences of his plea. Appellant stated that he understood the admonishments, that his plea was not the result of promises, threats, or coercion, and that he was satisfied with the assistance of defense counsel. Appellant denied having ever been diagnosed with or treated for any type of mental illness. In response to questions from the trial court, appellant confirmed that he was "fully aware of what [he was] doing," that he "[had] a rational and factual understanding of these proceedings," and that "[he had] been able to communicate effectively

---

[5] As the Court of Criminal Appeals explained,

> This is true because, under Texas law, even though there are conditions precedent that must be met to obtain a trial on competency, the only way the outcome of the guilt phase of the proceeding would be different is if the defendant proved that he was incompetent to stand trial. Anything less than a finding of incompetence would not have changed the outcome.

*Ex parte LaHood*, 401 S.W.3d 45, 54 (Tex. Crim. App. 2013).

19

with [his] lawyer and assist her in [his] defense." He verified that he understood what he was charged with, the elements of the offense with which he was charged, and the applicable range of punishment. He indicated that he understood his waiver of valuable constitutional rights, such as his right to a jury trial, his right to remain silent, and his right to confront and cross-examine his accusers. Appellant expressed his satisfaction that "[his] counsel has thoroughly investigated [his] case," and affirmed that his attorney "made herself available to consult with [him] and explain to [him his] legal rights and options so [he knew] what [he was] doing" in entering an open guilty plea to the court. Appellant ultimately confirmed to the court that he was "freely, knowingly, intelligently, and voluntarily" "making an informed decision to plead open in this case." The trial court also asked defense counsel if she believed appellant was competent and she responded in the affirmative.

As noted in our previous discussion of appellant's first point of error, nothing in the record demonstrated that appellant lacked either "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against [him]." *See* Tex. Code Crim. Proc. art. 46B.003(a). Again, the trial court had the opportunity to observe appellant's conduct firsthand and supplement its observations with its inquiry to defense counsel and appellant during the informal inquiry. Nothing in the record overcame the presumption of appellant's competence. Appellant's conduct throughout the proceedings, including his responses during the plea proceeding and the informal inquiry, demonstrated that appellant was competent. *See* Tex. Code Crim. Proc. art. 46B.024(1)(A), (C), (D), (E), (F).

In his argument regarding prejudice, appellant maintains that harm is shown by the fact that the trial court's "rejection" of appellant's claim of incompetency was based on counsel's failure to produce more evidence. However, this contention ignores the fact that the trial court had multiple opportunities to observe appellant and question him directly. It also assumes the existence of evidence that would demonstrate appellant's incompetence. While appellant's counsel reported to the court that interviews with appellant's family members and friends caused her concern regarding appellant's competency, the record does not demonstrate that testimony from these witnesses would in fact establish appellant's incompetence. Moreover, the "failure to call witnesses . . . is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *See Perez*, 310 S.W.3d at 894 (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Accordingly, a claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify and that the defendant would have benefitted from their testimony. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). Here, the record fails to demonstrate that appellant's family members and friends were available to testify. Nor does the record establish that their testimony about the emotional impact the death of his father had on appellant or their opinion that appellant's criminal conduct was out of character would demonstrate that appellant was incompetent to stand trial. Appellant's claim that he was harmed by counsel's alleged inadequate performance concerning his incompetence is a speculative assertion without support in the record.

On the record before us, appellant has failed to demonstrate deficient performance on the part of his trial counsel or that he suffered prejudice because of the alleged errors of counsel.

21

Thus, he has not shown himself entitled to reversal based on ineffective assistance of counsel. We overrule appellant's second point of error.

## CONCLUSION

Having concluded the trial court did not abuse its discretion in determining that there was no evidence to support a finding that appellant was incompetent to stand trial and that appellant failed to demonstrate that his trial counsel rendered ineffective assistance, we affirm the trial court's judgment of conviction.

_____

Cindy Olson Bourland, Justice

Before Justices Pemberton, Field, and Bourland

Affirmed

Filed: May 29, 2015

Do Not Publish

22