Edward William KUYAVA, Appellant,

v.

The STATE of Texas, Appellee.

No. 52573.

Court of Criminal Appeals of Texas.

July 14, 1976.

James H. Kreimeyer, Belton, for appellant.

Joe Carroll, Jr., Dist. Atty. and Troy C. Hurley, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of marihuana of more than four ounces under Article 4476–15, Sec. 4.05, Vernon's Ann.C.S., wherein the punishment was assessed by the court at five (5) years in the Department of Corrections.

In his sole ground of error appellant contends that the trial court erred in accepting his plea of guilty because there was no finding that appellant was mentally competent to stand trial.

The offense charged was a third degree felony, and the guilty plea was taken on September 8, 1975, after the 1975 amendment to Article 26.13, Vernon's Ann.C.C.P.[1]

---

1. Article 26.13, supra, as amended in 1975 (Acts 1975, 64th Leg., p. 909, ch. 341, § 3, eff. June 19, 1975) provides:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; and

"(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

Appellant notes that the trial court made no inquiry at the time of the guilty plea as to mental competency, and the only finding in the printed form of judgment is that ". . . and it plainly appearing to the Court that the Defendant is sane . . ."

Appellant urges that the 1975 amendment to Article 26.13, supra, and the definition of incompetency in Article 46.02, Section 1, Vernon's Ann.C.C.P.,[2] would indicate a different test from sanity. He notes that V.T.C.A., Penal Code, Section 8.01 (Insanity), provides:

"(a) It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

"(b) The term 'mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

Appellant argues that "sanity" should be the converse of the foregoing definition of "insanity" and thus a large difference between "mental competence" and "sanity" exists. He contends that this cause must be reversed because nowhere in the record is there a finding by the court that appellant was mentally competent. We cannot agree.

As appellant recognizes, this court has long held in interpreting Article 26.13, supra, that unless an issue is made of an accused's present insanity or mental compe-

tency at the time of the plea the court need not make inquiry or hear evidence on such issue. *Ring v. State*, 450 S.W.2d 85, 88 (Tex.Cr.App.1970), and cases there cited; *Kane v. State*, 481 S.W.2d 808 (Tex.Cr.App. 1972); *McClintick v. State*, 508 S.W.2d 616 (Tex.Cr.App.1974); *Tupper v. State*, 506 S.W.2d 858 (Tex.Cr.App.1974); *Heiskell v. State*, 522 S.W.2d 477 (Tex.Cr.App.1975); *Helms v. State*, 484 S.W.2d 925 (Tex.Cr. App.1972); *Williams v. State*, 497 S.W.2d 306 (Tex.Cr.App.1973); *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr.App.1973); *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App. 1974). And this has been particularly true where the court has had opportunity to observe the accused in open court, hear him speak, observe his demeanor and engage him in colloquy as to the voluntariness of his plea. *Summerall v. State*, 514 S.W.2d 265 (Tex. Cr.App.1974). We find nothing in the 1975 amendment to Article 26.13, supra, which would render these cases inapplicable, although the better practice is for the trial judge to inquire into mental competence of the accused whether an issue is made of the same or not. See *Ring v. State*, supra, at p. 88; *Lucero v. State*, supra, at p. 753; *Summerall v. State*, supra, at p. 266.

While prior to the 1973 and 1975 amendments to Article 26.13, supra, the statute used the word "sane" (see footnote # 1) and while some of the opinions referred generally to "sanity," it was always understood that the statute had reference to the present sanity of the accused or his mental competency to stand trial as opposed to insanity at the time of the commission of the offense (insanity as a defense). See

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

Article 26.13, as enacted as a part of the 1965 Code of Criminal Procedure and its forerunners, provided that a plea of guilty or nolo contendere should not be received unless "it plainly appears that he is sane." However, in 1973 the statute was amended to provide that such pleas should not be taken "unless it plainly appears that he is mentally competent."

2. Section 1 of Article 46.02, supra, provides:
"Section 1. (a) A person is incompetent to stand trial if he does not have:
"(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or
"(2) a rational as well as factual understanding of the proceedings against him.
"(b) A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence."

*Lucero v. State*, supra; *Summerall v. State*, supra.

 Obviously what happened is that a form of judgment printed prior to the recent amendments to the statute was used and the word "sane" rather than the words "mentally competent" is found therein. Since the word "sane" as used in former Article 26.13 and "present insanity" and "mentally competent" are all synonymous we find no merit in appellant's contention that the record is devoid of any finding as to his mental competency to stand trial.[3]

Appellant's contention being without merit, the judgment is affirmed.

---

3. In *Summerall v. State*, supra, this court rejected the contention that the new sanity test set forth in V.T.C.A., Penal Code, Section 8.01, as affirmative defense should be applied in accepting guilty pleas under Article 26.13, Vernon's Ann.C.C.P.