**Ricky Alan FRIEZE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–81–192–CR.**
**(No. 2195cr).**

Court of Appeals of Texas,
Corpus Christi.

May 20, 1982.
Rehearing Denied June 17, 1982.

Whayland W. Kilgore, Victoria, for appellant.

Knute Dietze, Criminal Dist. Atty., Victoria, for appellee.

Before NYE, C. J., and YOUNG, and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

In a single criminal action, appellant was convicted under five separate indictments charging him with burglary. See Penal Code Section 3.02 (Vernon 1974). Punishment in each case was assessed at ten years to run concurrently. See Penal Code Section 3.03 (Vernon 1974).

Trial was to the court on a plea of guilty to each indictment. From the docket sheets, we learn that at the conclusion of the plea of guilty hearing the judge recessed the trial so that a pre-sentence investigation could be conducted. When the report of that investigation was complete, the trial resumed and punishment was assessed. A transcription of the court reporter's notes from the punishment hearing, if they were taken, has not been made a part of the record here on appeal.

Appellant contends that the trial court failed on its own motion to hold a hearing to determine if there was sufficient evidence to support a finding of incompetency to stand trial. Texas Code of Criminal Procedure Annotated, article 46.02, sec. 2(b), provides that, "If during the trial, evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial." Section 1(a)(1) & (2) provides that, "A person is incompetent to stand trial if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable

degree of rational understanding; or (2) a rational as well as a factual understanding of the proceedings against him."

■ In his brief, appellant makes reference to evidence which he alleges came to the attention of the trial court after the trial began. Of the evidence sources mentioned in the brief, we find the evidence from only one source to be supported by the record. That evidence consists of the five indictments which indicate that appellant committed five burglaries over a short period of time, namely 33 days. The commission of five similar offenses over a short period of time is not sufficient, standing alone, to raise a bona fide doubt as to a defendant's competency.

During the trial, the following exchange took place between the court and appellant:

"THE COURT: You are represented by Mr. W. W. Kilgore and his law firm. Have they had an adequate opportunity to converse with you and are you satisfied with the representation they have furnished to you?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Kilgore, during your conferences with Mr. Frieze has he exhibited to you a factual as well as rational understanding of the charges pending against him and of these proceedings?

MR. KILGORE: Yes, sir.

THE COURT: Has he been able to assist you in preparation for these trials?

MR. KILGORE: He has."

■ The judgment of conviction under each indictment contains a finding that the appellant was "sane" at the time of his plea.[1] We find no evidence in the record inconsistent with this finding. We hold, therefore, that the trial court did not abuse its discretion[2] in failing to hold a hearing of the kind required by article 46.02, sec. 2(b). The judgment of the trial court is affirmed.

---

1. The terms "sane" and "mentally competent" are synonymous. *Kuyava v. State*, 538 S.W.2d 627 (Tex.Cr.App.1976).

2. "When this Court reviews a trial court's determination of this issue, the applicable standard is whether the trial court abused its discretion." *Garcia v. State*, 595 S.W.2d 538, 542 (Tex.Cr.App.1980).