COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 RICHARD
 WRIGHT,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00168-CR
  
 Appeal from the
  
 363rd District Court
  
 of Dallas County, Texas
  
 (TC#F-0272417-VW)
 
 




 

MEMORANDUM
OPINION

Richard Wright appeals from the
revocation of his community supervision following his plea of true.  He asserts the court erred by allowing the
State to amend its revocation motion on the date of the hearing, and that his
plea of true was not voluntary because he was suffering from severe drug
addiction withdrawal at the time of the hearing.  We affirm.

Factual Summary








In June of 2002, Wright negotiated a
plea on two counts of burglary of a habitation, received a ten-year probated sentence,
and was ordered to complete the Special Alternative Incarceration Program,
informally known as boot camp.  After
boot camp, the court suspended Wright=s sentence and placed him on six
years= community supervision in each
case.  On December 4, 2002, the State
filed motions to revoke Wright=s community supervision for failing to report and failing to
pay fines and restitution.  On December
19, 2002, the State charged Wright with three new counts of burglary of a
habitation.  On January 23, 2003, the
State filed an amended motion to revoke probation that included the
newly-charged offenses.  On the same day,
Wright pleaded guilty to the new charges and true to the allegations in the
amended motion to revoke probation.  In
that hearing, the judge made all required judicial inquiries and admonitions,
including:

Q:  Have you
ever gone to a mental hospital?

 

A:  No, ma=am.

 

Q:  You ever
been seen by a psychiatrist? 

 

A:  No, ma=am.

 

Q:  Do you think
you are competent?

 

A:  No, ma=am.

 

Q:  You
understand what=s going on.  You
been able to help your lawyer get ready for trial.

 

A:  (Wright=s counsel) Yes, ma=am.

 

Q:  You
understand the proceedings against you.

 

A:  Yes.

 








Q:  If you
understand all that, then you are competent. 
Do you think you are competent?

 

A:  Yes, ma=am.

 

Q:  You think
your client is competent?

 

A:  (Wright=s counsel) Yes.

 

Wright told the judge that he began
taking drugs three years earlier after being sexually assaulted by his
stepfather.  He said he had taken PCP and
cocaine and had committed the burglaries to pay for the drugs.  The court revoked Wright=s probation on the two earlier cases
and accepted his plea of guilty on two of the new cases.  He was sentenced to eight years on each
charge.

Wright Waived Right to Appeal Amended
Revocation Motion

In his first point of error, Wright
asserts he is entitled to a new revocation proceeding because no good cause was
shown by the State for amending the motions to revoke on the day of the
revocation hearing.  The Texas Code of
Criminal Procedure article 42.12, section 21(b) states:

In a felony case, the state may amend the motion to
revoke community supervision any time up to seven days before the date of the
revocation hearing, after which time the motion may not be amended except for
good cause shown, and in no event may the state amend the motion after the
commencement of taking evidence at the hearing. Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(b) (Vernon Supp. 2004).

 








However, there is nothing in the code
that says a defendant cannot waive his right to a good cause showing.  A reading of the record shows the amended
motions were filed some time before the trial court began questioning Wright,
so it cannot be asserted that it was filed after the commencement of taking
evidence at the hearing.  There are no
objections in the record to the amended motions.  The Texas Rules of Appellate Procedure rule
33.1 requires that as a prerequisite to appellate review, the record must show
that a complaint was made to the trial court by a timely request, objection or
motion.  There was no such
complaint.  Rather, Wright admitted that
he committed the crimes and that he violated his probation.  His testimony and judicial confessions alone
are enough to support the revocations. 
As Wright has not preserved the issue for appellate review, we overrule
his first point of error.

Voluntariness of Pleas








In his second point of error, Wright
states that, A[i]f appellant was under the
influence of drugs or if he was experiencing severe withdrawal, his pleas would
have been involuntary,@ but cites to no case law or statute which supports that
statement.  He argues the trial court
should have, sua sponte, conducted a competency inquiry during the plea
hearing and asked him if his Auntreated drug addiction prevented him from knowingly waiving
his rights and entering his pleas.@ 
He urges the Court to consider Townsend v. Sain, 372 U.S.
293, 304-309, 83 S.Ct. 745, 752-755, 9 L.Ed.2d 770 (1963). That case dealt with
a confession, not a plea, and the confession was given while the defendant was
being administered Atruth serum,@ so that case, in finding the confession to be involuntary,
hinged on the appellant being under the present influence of a substance.  Wright seems to be arguing that his plea was
involuntary because he was not on drugs at the time of the hearing.  Wright provides no evidence that he was Aexperiencing severe withdrawals@ during the hearing.  The other cases he cites also involve
confessions given while defendants were under the effects of drugs like
thorazine, valium, and morphine, and thus do not support his argument.  The State argues there was no evidence that
Wright could not communicate with his attorney or did not understand the
proceedings against him.  Edwards v.
State, 993 S.W.2d 171, 176 (Tex. App.--El Paso 1999, pet. ref=d). 
We agree.  Unless there is an
issue made during the hearing at the time of plea, a trial court is not
obligated to inquire into mental competency. 
See Kuyava v. State, 538 S.W.2d 627, 628 (Tex. Crim. App.
1976).  The trial court did inquire into
his competence, and was assured by both Wright and his counsel that he was
competent to make his pleas, and understood the proceedings against him.  Wright=s second point of error is overruled.

Conclusion

Having overruled both points of
error, the judgment of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

February 26, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)