AFFIRM; Opinion Filed October 11, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-00872-CR

## EX PARTE EDGAR OTONIEL MEDRANO

On Appeal from the 401st Judicial District Court
Collin County, Texas
Trial Court Cause No. W401-82845-06-HC2

# OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice FitzGerald

Edgar Otoniel Medrano appeals the trial court's order denying his second post-conviction application for writ of habeas corpus. In the trial court, appellant raised the complaint that he was illegally restrained and his conviction was invalid because his guilty plea was made involuntarily in violation of the federal and state constitutions. We affirm.

BACKGROUND

On January 4, 2007, appellant entered a guilty plea to the offense of possession of methamphetamine in an amount less than one gram. The trial court placed appellant on deferred adjudication community supervision. On January 14, 2011, the trial court entered a judgment adjudicating appellant's guilt for the offense and assessed punishment at two years' confinement in state jail, probated for two years. On July 8, 2011, appellant filed an application for writ of habeas

corpus alleging ineffective assistance of counsel. The trial court denied relief on August 12, 2011.[1] On November 11, 2011, appellant filed a motion to reopen the evidence on his application. The trial court denied the motion.

On March 30, 2012, appellant filed this second application for writ of habeas corpus. In his application, appellant alleged his guilty plea was involuntary because he entered it while suffering from "emotional and psychological issues" arising from his childhood experiences in war-torn El Salvador. Appellant alleged his psychological issues were magnified by his decision to hire as defense counsel a childhood friend. Appellant contends his contact with counsel "unleashed a flood of repressed memories and emotions so overwhelming that [appellant] was unable to communicate with his attorney on any meaningful level, thus rendering him incapable of assisting with the preparation of his defense with any reasonable degree of rational understanding." Appellant alleges he "broke his silence" and first sought mental health treatment for his condition on September 30, 2011.

As evidence of his condition, appellant submitted to the trial court a sealed report detailing the results of a psychological assessment conducted on dates in February and April of 2012. The report diagnoses appellant with chronic posttraumatic stress disorder, generalized anxiety disorder, major depressive disorder, paranoid and avoidant personality disorders, insomnia, and severe psychological distress related to appellant's being separated from his family, educational problems, and being detained in an ICE facility facing possible deportation or prison.

The record also contains an affidavit filed by a second attorney who represented appellant in community supervision revocation proceedings and in his initial habeas application. Appellant's

---

[1] There is no indication in the record that appellant appealed either his conviction or the denial of his first writ application.

second counsel swore he was not informed of or aware of appellant's experiences in El Salvador or any psychological, emotional, or mental issues stemming from those experiences.

In its response to appellant's writ application, the State contended appellant failed to show he could not have presented the voluntariness issue in his first writ application. The State further contended that appellant's claim of mental incompetency is at odds with the evidence before the trial court. The trial court agreed with the State's position and denied appellant's writ application on the ground appellant "had not shown his claims could not have been presented in a previously filed writ application because the factual or legal basis for the claim was unavailable on the date the previous application was filed." Alternatively, the trial court also found that appellant had "not proved by a preponderance of the evidence that his guilty plea was involuntary."

## APPLICABLE LAW

An applicant for habeas corpus relief alleging he entered an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *See id.* We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See id.* We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id.*

A trial court may not accept a plea of guilty "unless it appears that the defendant is mentally

–3–

competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2011). A defendant is incompetent to stand trial if he does not have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational, as well as factual, understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006). The defendant is presumed competent to stand trial unless proved incompetent by a preponderance of the evidence. *Id.* at art. 46B.003(b). When the trial court has had the opportunity to observe the accused in open court, hear him speak, observe his demeanor, and question him about the voluntariness of his plea, the trial court need not make an inquiry into the accused's mental competency unless an issue is raised of the accused's mental competency to enter the plea. *See Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976).

To obtain consideration of the merits on or relief upon an application for writ of habeas corpus filed after final disposition of an initial application, an applicant must plead and prove sufficient facts to show that the current claims and issues were not, and could not have been, presented in his initial application because the factual and legal basis for the claims and issues was unavailable on the date the applicant filed his initial application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §9(a) (West 2005). The factual basis for a claim is considered unavailable on a date "if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date." *See id.* at art. 11.072, §9(c).

## ANALYSIS

On the record presented, appellant has not shown he could not have presented his voluntariness issue in his first writ application. The traumatic events appellant allegedly experienced occurred many years before appellant entered his plea. Appellant's plea counsel was certainly aware of the events because he and appellant grew up as friends in El Salvador. Although appellant

–4–

contends his engagement of his childhood friend as counsel in 2006 triggered his incompetency, he did not seek professional help for his problems until September 30, 2011. Appellant admits in his application that the trial court asked him during the plea hearing if he had ever been to a mental hospital or had any indication he was not competent or sane. When appellant responded "No, sir", the trial court found him competent. Appellant does not contend the trial court had any reason to inquire further into his competence at the time he entered his plea. Appellant's second counsel, who represented appellant in revocation proceedings and in appellant's first habeas application, has sworn he was unaware of any such issues during his representation of appellant. As the State points out, nothing in the psychological evaluation appellant presents shows it could not have been performed in 2007 at the time of appellant's plea nor does the report indicate appellant's mental state was unascertainable at the time he entered his plea or later at the time he filed his first writ application.

The trial court was under no obligation to accept appellant's explanation for why he did not raise this issue in his initial writ application. An applicant's delay in seeking habeas corpus relief may prejudice the credibility of his claim. *Kniatt*, 206 S.W.3d at 664. The trial court found both that appellant had not shown he could not have raised his competency issue in his first writ application and that appellant had not shown his plea was involuntary. This Court is required to give due deference to the trial court's fact-findings. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).

## CONCLUSION

On the present record, we cannot conclude the trial court abused its discretion in finding either that appellant failed to show he could not have presented his claim in his earlier writ application or that appellant failed to show that his guilty plea was involuntary. Thus, we conclude the trial court did not abuse its discretion in denying appellant's application for writ of habeas

–5–

corpus.  *See Kniatt*, 206 S.W.3d at 664. We overrule appellant's sole issue.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

KERRY P. FITZGERALD
JUSTICE

Do Not Publish
Tex. R. App. P. 47
120872F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE EDGAR OTONIEL
MEDRANO

No. 05-12-00872-CR

Appeal from the 401st Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
W401-82845-06-HC2).
Opinion delivered by Justice FitzGerald,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered October 11, 2012.

KERRY P. FITZGERALD
JUSTICE