# NO. 12-16-00097-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GLENN DOUGLAS ROARK,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Glenn Douglas Roark appeals his conviction for felony driving while intoxicated. In three issues, Appellant argues that the trial court erred by failing to properly admonish him before his guilty plea, and by failing to determine whether he was mentally competent and his plea was free and voluntary. We affirm.

## BACKGROUND

Appellant was charged by indictment with felony DWI. An enhancement paragraph alleged a prior felony conviction. Appellant pleaded "guilty" to felony DWI and "not true" to the enhancement paragraph. The matter proceeded to a jury trial on punishment. The jury found the enhancement paragraph "true" and assessed Appellant's punishment at imprisonment for twenty years. This appeal followed.

## ADMONITIONS

In his first and second issues, Appellant contends that the trial court failed to properly admonish him before accepting his guilty plea.

## Standard of Review and Applicable Law

Prior to accepting a guilty plea, the trial court must admonish the defendant. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2016). The admonitions must include, among other things, the range of the punishment for the offense, and the fact that if the defendant is not a citizen of the United States of America, a plea of guilty may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. *Id.* art. 26.13(a)(4). The admonitions may be given orally or in writing. *Id.* art. 26.13(d) (West Supp. 2016). Substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Id.* art. 26.13(c) (West Supp. 2016).

The admonitions of article 26.13 serve to protect several constitutional rights of the defendant, but the statutory admonitions are not constitutionally required. *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). Thus, a trial court's failure to provide the admonitions is nonconstitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *Id.* We review nonconstitutional error to determine whether it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). An error affects a substantial right if it had a substantial and injurious effect or influence on the verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). When examining nonconstitutional error in the context of a guilty plea, the critical issue is whether we have fair assurance that the defendant's decision to plead guilty would not have changed had the trial court provided the mandatory admonitions. *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

## Range of Punishment

In his first issue, Appellant argues that the trial court erred by failing to admonish him regarding the range of punishment. The record reflects that the trial court did not admonish Appellant either orally or in writing of the range of punishment. Thus, the trial court erred. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1); *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). Consequently, we must review the error to determine whether we have fair assurance that Appellant's decision to plead guilty would not have changed had the trial court provided the mandatory admonition. *See Anderson*, 182 S.W.3d at 919.

2

In making such a determination, a reviewing court must independently examine the record for indications that the defendant was or was not aware of the consequences of his plea, and whether he was misled or harmed by the trial court's failure to admonish him of the punishment range. *Burnett*, 88 S.W.3d at 638. To warrant a reversal on direct appeal, the record must support an inference that the defendant did not know the consequences of his plea. *Id.* A silent record would support such an inference. *Id.* If, after a conscientious examination of the record, the reviewing court is left with grave doubt on the matter, the error is not harmless. *Id.* at 639.

The critical inquiry in this case is whether the trial court's failure to admonish Appellant about the maximum possible penalty—imprisonment for twenty years—materially affected his decision to plead "guilty." *See id.* If Appellant did not actually know that, at the maximum, the jury could assess his punishment at imprisonment for twenty years, then the trial court's failure to admonish him about the range of punishment is almost certainly material. *See id.*

In support of Appellant's argument that the error in this case is harmful, he directs us to the following portion of his direct examination at the punishment hearing:

> DEFENSE COUNSEL: Look at this jury here. Their duty is to give you not less than two years not more than ten years on one of those or not less than two not more than twenty on the other one?
>
> APPELLANT: Right.
>
> DEFENSE COUNSEL: If they give you anything less than that or any kind of leniency, what assurance can you give them that you are not going to be back here doing this again? Tell them what your plan is if you have one.
>
> APPELLANT: I hope to go to the doctor and get something for anxiety and depression.

Appellant argues this exchange is significant to the harm analysis because defense counsel suggested that his punishment could be less than two years. We do not read defense counsel's reference to "anything less than that" as implying that Appellant could receive less than the minimum punishment. A more likely interpretation of the meaning of that phrase is "anything less than the maximum punishment." Evidence in the record shows that Appellant had at least five prior DWI convictions. He likely knew from his previous experience that a term of punishment less than the minimum was impossible. He further likely did not expect much

leniency from the jury with his DWI history. The latter interpretation is further supported by the following exchange in Appellant's direct examination:

> DEFENSE COUNSEL: Do you think you need to do twenty years to straighten out?
>
> APPELLANT: No, sir.
>
> DEFENSE COUNSEL: If you got somewhere around three to five years do you think you have learned a lesson or not?
>
> APPELLANT: Yes, sir.

Appellant further asserts it is significant to the harm analysis that defense counsel's question naming the range of punishment, and Appellant's acknowledgement that he was aware of it, occurred long after he entered his plea. Assuming Appellant's argument here is that defense counsel's question naming the range of punishment is not a substitute for an admonition by the trial court prior to the plea, we agree. Nonetheless, the question and Appellant's response to it are relevant to our harm analysis. *See **Davison v. State***, 405 S.W.3d 682, 688 (Tex. Crim. App. 2013) (defendant's failure to exhibit alarm at punishment phase was relevant to harm analysis).

If Appellant was unaware of the range of punishment at the time of his plea, it would be reasonable to expect him to express some surprise or protest when the range of punishment was mentioned at the punishment phase, as well as when his punishment was assessed. *See **id.*** at 689. But instead of showing surprise or protest when defense counsel asked him about the jury's duty to assess his punishment within the mandatory range, he answered affirmatively. Furthermore, Appellant did not protest when his punishment was assessed in that range. Appellant's failure to exhibit alarm at these times supports an inference that he was actually aware of the range of punishment. *See **id.***

To further support Appellant's argument that the error is harmful, he asserts that the only record reference to the range of punishment is that found in his direct examination at the punishment hearing. However, the record shows that during voir dire, defense counsel stated the range of punishment multiple times and asked whether the venire members could consider the full range. Appellant was present during voir dire and made no attempt to change his plea when the punishment range was mentioned. He formally entered his plea after voir dire concluded.

4

These facts further support an inference that Appellant was actually aware of the range of punishment at the time of his plea. *See Burnett*, 88 S.W.3d at 639-40.

Nothing in the record shows that Appellant was unaware of the range of punishment. Rather, a great deal of evidence supports an inference that he was aware. Under these circumstances, we cannot conclude that the trial court's failure to admonish Appellant regarding the range of punishment misled or harmed him. *See id.* at 641. Accordingly, we overrule Appellant's first issue.

## Immigration Consequences

In his second issue, Appellant argues that the trial court erred by failing to advise him of the immigration consequences of his guilty plea. The record reflects that the trial court did not admonish Appellant either orally or in writing of the immigration consequences of his plea. Thus, the trial court erred. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4). Consequently, we must review the error to determine whether we have fair assurance that Appellant's decision to plead guilty would not have changed had the trial court provided the mandatory admonition. *See Anderson*, 182 S.W.3d at 919.

When the record shows a defendant is a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless because the threat of deportation could not have influenced that defendant's decision to plead guilty. *VanNortrick*, 227 S.W.3d at 709. We may draw reasonable inferences from facts in the record in determining whether a defendant is a United States citizen. *Id*. at 710-11.

Here, there is evidence in the record that Appellant is a United States citizen. Two cards bearing Appellant's name, fingerprints, and other identifying information were admitted in evidence. Both cards list Appellant's birthplace as Texas. From these facts, we can reasonably infer that Appellant is a United States citizen. *See id.* at 711; *Lawrence v. State*, 306 S.W.3d 378, 379 (Tex. App.—Amarillo 2010, no pet.) (failure to warn of immigration consequences harmless where pen packet showed appellant was born in Texas). Therefore, we conclude that Appellant was not harmed by the trial court's failure to admonish him regarding the immigration consequences of his guilty plea. Accordingly, we overrule Appellant's second issue.

In his third issue, Appellant argues that the trial court violated article 26.13(b) of the code of criminal procedure by accepting his guilty plea when it did not appear that he was mentally competent and his plea free and voluntary.

**Standard of Review and Applicable Law**

A trial court may not accept a guilty plea unless it appears that the defendant is mentally competent and the plea is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2016). Unless an issue is made of a defendant's present insanity or mental competency of the time of the plea, the trial court need not make inquiry or hear evidence on the issue. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976). This is particularly true when the trial court has had the opportunity to observe the defendant in open court, hear him speak, observe his demeanor, and engage him in colloquy as to the voluntariness of his plea. *Id.* The better practice, however, is for the trial court to inquire into the mental competency of the defendant whether the issue is raised or not. *Id.* We review the totality of the facts surrounding a trial court's implied decision not to hold a competency inquiry for an abuse of discretion. *Gray v. State*, 257 S.W.3d 825, 827 (Tex. App.—Texarkana 2008, pet. ref'd).

**Analysis**

On appeal, Appellant argues that his trial testimony indicates his mental incompetence. Specifically, he cites his testimony that he was suffering from hernias, carpal tunnel syndrome, anxiety, and depression. He further directs our attention to a jail document stating that, according to the arresting or transporting officer, Appellant made multiple comments about wanting to kill himself. Finally, Appellant cites his treatment for an alcohol problem and his extensive alcohol related criminal history.

A person is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or (2) a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006). None of the facts cited by Appellant suggest that, at the time of the proceedings, he lacked either a rational, factual understanding of the proceedings or sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. Nor do we find any other indication in the record that Appellant was mentally incompetent.

The issue of Appellant's mental competence was not raised at trial. The trial court did not make any inquiry regarding Appellant's mental competency or hear evidence on the issue. However, the trial court had the opportunity to observe Appellant's demeanor in open court and hear him testify. Based on the totality of the facts, we conclude that the trial court did not err by failing to inquire into Appellant's mental competency. *See **Kuyava***, 538 S.W.2d at 628; ***Gray***, 257 S.W.3d at 827. Accordingly, we overrule Appellant's third issue.

## <u>DISPOSITION</u>

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

<u>GREG NEELEY</u>
Justice

Opinion delivered May 24, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 24, 2017

NO. 12-16-00097-CR

**GLENN DOUGLAS ROARK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 19750)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*