

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00243-CR

**TOMMY JOE BERRY,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. DC-F202200876**

## MEMORANDUM OPINION

Tommy Joe Berry pled guilty, without the benefit of a plea bargain, to the offense of possession of a controlled substance, methamphetamine, in an amount of four or more grams but less than 200 grams, enhanced by a prior felony conviction for unauthorized possession of a firearm by a felon. The trial court assessed punishment at 25 years in prison. Because Berry was not harmed by the trial court's failure to give him the statutory plea admonishments and because the trial court did not abuse its discretion in admitting the drug evidence, we affirm the trial court's judgment.

**BACKGROUND**

At a traffic stop, Berry was arrested for an outstanding "blue warrant" and for possession of a controlled substance after methamphetamine was found in Berry's pocket. Initially, Berry pled not guilty to the possession charge and not true to the felony enhancement paragraph. He further elected to have a jury assess punishment if he was convicted. On the morning of the trial, Berry waived his right to a jury trial, elected to have a bench trial, and without the benefit of a plea bargain, pled guilty to the charged offense and true to the enhancement paragraph. Although Berry requested to be placed on probation, the trial court sentenced him to 25 years in prison.

**ADMONISHMENTS**

In his first issue, Berry complains that before accepting Berry's guilty plea, the trial court erred by failing to admonish Berry of the range of punishment for the charged offense and the immigration consequences of his plea if Berry was not a United States' citizen. *See* TEX. CODE CRIM. PROC. art. 26.13(a). Berry also complains in this first issue that the trial court erred by failing to inquire about Berry's competence to stand trial and by failing to ensure Berry's plea was voluntary.[1] *See id.* (b)

*Article 26.13(a)*

Before a trial court accepts a guilty plea, the court is statutorily required to admonish the defendant of, among other things, the range of punishment and the fact that, if the defendant is not a citizen of the United States of America, a plea of guilty may

---

[1] Berry does not make a due process argument that his plea was involuntary, only that the trial court did not comply with article 26.13.

result in deportation, exclusion from admission to this country, or the denial of naturalization.  TEX. CODE CRIM. PROC. art. 26.13(a)(1), (4).  Because article 26.13 places a duty on the trial court to act sua sponte, a breach of the statute may be raised for the first time on appeal.  *Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013).

The record before us demonstrates that the trial court did not admonish Berry of the range of punishment for his offense or the immigration consequences of a plea of guilty.  Accordingly, the trial court committed error.  *See Aguirre-Mata v. State*, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003) (range of punishment); *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007) (immigration consequences).  We next determine whether Berry was harmed.

### —*Harm*

We review article 26.13 error for harm under the non-constitutional error standard of Rule 44.2(b) of the Texas Rules of Appellate Procedure; that is to say, any error that does not affect Berry's substantial rights must be ignored and held to be harmless.  *See* TEX. R. APP. P 44.2(b); *Davison*, 405 S.W.3d at 688.  To determine whether Berry's substantial rights were affected, we must independently examine the entire record to determine whether Berry was aware of the particular information upon which he should have been admonished—notwithstanding the lack of an admonishment—prior to the time that the trial court accepted his plea.  *Davison*, 405 S.W.3d at 688; *VanNortrick*, 227 S.W.3d at 708-709.  There is no burden on either party to prove harm or harmlessness resulting from the error.  *VanNortrick*, 227 S.W.3d at 709.

— —*Range of Punishment*

A record that is completely silent with respect to whether a defendant was actually aware of the range of punishment, notwithstanding the lack of judicial admonishment, supports the inference that he was not in fact so aware for purposes of the Rule 44.2(b) harm analysis. *Davison v. State*, 405 S.W.3d 682, 688 (Tex. Crim. App. 2013). Although Berry was not admonished by the trial court as to the range of punishment for the enhanced offense with which Berry was charged, the record is not completely silent as to whether Berry was actually aware of the range of punishment. This was a bench trial as to punishment only. During opening statements, Berry's attorney informed the court:

> And we're — we're coming to you, coming to the Court for the purposes of sentencing, hoping the Court would consider a probationary sentence, *knowing that he's exposed to the full — full range of punishment.* (Emphasis added).

Further, during the State's closing argument, the prosecutor asserted the range of punishment as if everyone knew what it was:

> And with this — Mr. Berry's prior pen trip, the punishment range, *of course*, is from 5 to 99 years or life. (Emphasis added).

Neither Berry nor his counsel expressed surprise or protest to the State's range of punishment assertion or when the trial court then sentenced Berry to 25 years in prison— even when asked by the trial court if anything else needed to be "taken up."

As the Court of Criminal Appeals found in *Davison*, we find the record in this case supports the inference that Berry was aware, for purposes of the Rule 44.2(b) harm analysis, of the range of punishment for the offense. *See id.* 689 ("While the inference of actual awareness is less compelling on the more limited facts of this case, it is nonetheless

available, and the court of appeals did not err to follow our lead in concluding that the appellant's substantial rights were not affected by the trial court's faulty admonishment."). Accordingly, Berry's substantial rights were not affected by the trial court's failure to admonish Berry on the range of punishment, and Berry was not harmed by the error.

‒ ‒ *Immigration Consequences*

To determine harm when the trial court errs in not admonishing a defendant about the immigration consequences of his plea, we review the entire record to ascertain whether we have a fair assurance that a defendant's decision to plead guilty would not have changed had the court properly admonished him. *VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007). The defendant's citizenship status is a critical component to this determination. *Id.* at 713. In some cases, however, the record does not affirmatively show the defendant's citizenship status. In that situation, appellate courts may draw reasonable inferences about the defendant's citizenship status from facts in the record. *Id.* at 710.

Unlike in *VanNortrick*, where the Court of Criminal Appeals affirmed the court of appeals' determination that one prior conviction was not sufficient to give a reviewing court a fair assurance that a defendant would not have changed his guilty plea had he been properly admonished, Berry is very familiar with the penal system in Texas. The State introduced at least seven prior convictions with the oldest occurring in 1996 and the latest occurring in 2018. Berry pled guilty to the underlying offenses in those convictions. Included with at least three of those convictions was evidence that Berry had been

warned in writing of the immigration consequences of his pleas, and Berry had signed those warnings. Further, Berry's younger brother testified that Berry had been in and out of prison for "decades," they grew up in the same household and had been around each other their "whole li[ves]," and their father was a Vietnam Veteran and an employee of the Arlington Independent School District from the time he came home from Vietnam until his retirement.

There is nothing in the record leading to the conclusion that Berry was ever deported as a result of any of the convictions noted above. In fact, the inference from the dates of the convictions and his brother's testimony is that Berry has remained in the State of Texas his whole life. Accordingly, the record provides this Court with enough facts that we may infer Berry was a citizen of the United States, and, thus, we have a fair assurance that Berry's decision to plead guilty would not have changed had the trial court properly admonished him regarding the immigration consequences of his guilty plea. Berry was not harmed. *See* TEX. R. APP. P. 44.2(b).

### *Article 26.13(b)*

As stated previously, Berry also complains in this first issue that the trial court erred in fulfilling its statutory duty by failing to inquire into Berry's competence to stand trial and to ensure Berry's plea was voluntary.

#### —*Competency*

In interpreting article 26.13, the Court of Criminal Appeals has long held that unless an issue is made of an accused's present insanity or mental competency at the time of the plea, the trial court need not inquire or hear evidence on such issue. *Kuyava v. State*,

538 S.W.2d 627, 628 (Tex. Crim. App. 1976); *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.). This is particularly true where the trial court has had an opportunity to observe the accused in open court, hear him speak, observe his demeanor, and engage him in colloquy as to the voluntariness of his plea. *Kuyava*, 538 S.W.2d at 628.

Here, as in *Kuyava,* the trial court was able to observe Berry's demeanor during several pretrial hearings. At the pretrial hearing where Berry pled not guilty to the offense and not true to the enhancement, Berry coherently and affirmatively answered questions by the court about who he was, whether he would look at the indictment, and whether he understood the bond conditions the court gave him. At another pretrial hearing, Berry coherently affirmed that he understood he was to report back to court on the following Monday morning for a jury trial. At the next hearing, Berry again coherently affirmed that he understood he was to reappear the next morning for a bench trial since Berry withdrew his jury trial request and elected to proceed by a bench trial. At the start of the bench trial, after the trial court acknowledged and counsel affirmed that Berry now wished to plead guilty, Berry was sworn in as a witness, pled guilty after the indictment was read, and pled true to the enhancement paragraph after it was read. Berry had no verbal or nonverbal issues with the pleas. He agreed he pled guilty because he was guilty and pled true to the enhancement paragraph because it was true and for no other reason. He also agreed he was pleading freely and voluntarily. Further, Berry fails to point to anything in the record suggesting that he was not mentally competent. *See id*.

Accordingly, after reviewing the trial court's encounters with Berry, we conclude

the trial court did not err in failing to inquire about Berry's competence to stand trial.

— *Voluntariness*

Although article 26.13(b) provides a court may not accept a guilty plea "unless it appears that … the plea is free and voluntary," it is not necessary for the trial court to specifically ask a defendant whether his plea is being entered freely and voluntarily. *Id.*; *Manoy v. State*, 7 S.W.3d 771, 777 (Tex. App.—Tyler 1999, no pet.); *Rachuig v. State*, 972 S.W.2d 170, 177 (Tex. App.—Waco 1998, pet. ref'd).

After the indictment was read in open court and Berry pled guilty, the trial court inquired of Berry whether he was pleading guilty freely and voluntarily and because he was guilty and for no other reasons. Berry responded "Yes, ma'am." The court then asked the same type of questions regarding his plea of true to the enhancement paragraph after it was read in open court. Berry again responded, "Yes, ma'am."

Accordingly, based on the record, we conclude the trial court adequately satisfied itself that Berry's plea was free and voluntary pursuant to article 26.13(b). Further, even if the trial court should have inquired more, it can be inferred from the record as a whole that Berry freely and voluntarily pled guilty.[2] *See* TEX. R. APP. P. 44.2(b).

Berry's first issue is overruled.

**ADMISSION OF EVIDENCE**

In his second issue, Berry contends the trial court improperly admitted State's Exhibits 4, 4A, and 4B—a manilla envelope and two baggies of methamphetamine—over

---

[2] Berry's entire trial strategy was that he wanted to take responsibility for his actions, and because he was a changed man, he wanted to be placed on community supervision probation.

Berry's objections when the chain of custody was not, according to Berry, properly established.

Absent evidence of tampering, issues concerning the chain of custody bear on the weight of the evidence rather than on its admissibility. *Davis v. State*, 313 S.W.3d 317, 348 (Tex. Crim. App. 2010); *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997). There was no evidence and no suggestion of tampering with these exhibits. Thus, the chain of custody had no bearing on the admissibility of the evidence, and Berry's objections to the chain of custody were properly overruled.

Berry's second issue is overruled

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.


                                       LEE HARRIS
                                       Justice

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed
Opinion delivered and filed February 20, 2025
Do not publish
[CRPM]

